## WILLIAM GRIER *v.* VICTOR DEHAN.

To recover in an action of deceit the plaintiff must prove that the defendant made a false and fraudulent representation of facts to him, and that he so made it with the intent to deceive him.

THIS was an action on the case for false and fraudulent misrepresentations made by the defendant to the plaintiff in renting a farm to him in the State of Wisconsin.

The parties were residing in this State at the time, the plaintiff in the employ, at good wages, of the Du Pont Company on the Brandywine, and the defendant in this city. The first witness examined on behalf of the plaintiff stated that he went with the plaintiff to the defendant's house before the renting to hear what he had to say about the farm, and he said that there were from thirty to thirty-five acres of it cleared, and another portion of it that had been cleared some years ago and which it would not cost much to clear up again, and that there was a five or six-room dwelling-house upon it and a live fence around it. He afterward, in the year 1875, by the request of the plaintiff, went with him and his family, which included his wife and three children, to Wisconsin, and found the farm and a patch of cleared ground on it of from twelve to fourteen acres. There was no dwelling-house on it; there had been a log house on it but it had rotted and tumbled down. There was no fence around the cleared patch mentioned. The defendant said on the occasion before referred to that he thought there was a live fence around the farm. He also said on that occasion that he had never been to Wisconsin. It took a week for them to make the journey to Wisconsin when they went out, but the expenses of their journey back were greater than in going out. After further proof of the expenses incurred by the plaintiff and his family to Wisconsin and back, and the wages he was receiving per month on the Brandywine when he left his employment there for the farm rented to him by the defendant in that State, and proving and putting in evidence his lease for it, the counsel for the plaintiff rested his case.

*Pepper* (*Whitely* with him), for the defendant, made a motion for a nonsuit. This was an action for a deceit, and a deceit was nothing less than a lie in plain terms, and the alleged deceit or misrepresentation must not only be proved to be false, but it must also be proved that the defendant knew it to be false when he made it. 2 *Steph. N. P.* 780, 1283 ; 27 *E. C. L. Rep.* 336 ; 2 *East.* 92. But if, as alleged by the plaintiff in this case, the representations of the defendant were untrue, there was no proof that he knew them to be untrue when he made them to the plaintiff.

*The Court* declined to grant a nonsuit, considering that there was some evidence possibly on that point which ought to be left to the decision of the jury.

The counsel for the defendant then called a witness who testified that he had been on the farm in question in Wisconsin in 1861, which the plaintiff knew, and he sent the plaintiff to him before he rented it in 1875 for information about it, and he told him that when he was there in 1861 there were two houses on it, one of which was used as a dwelling-house and the other as a stable, and the dwelling was a log house ; that he drew a plan of the farm for him and told him that when he was there in 1861 there were about forty acres of cleared land and meadow on it and that there was a fence around it. The log dwelling-house had two rooms in it only, and was not then fit to live in, but he did not tell the plaintiff so when he came to see him about the farm. When he came back in 1861 he told the defendant that there were two houses on the farm, and the kind of houses they were, but he did not tell him the dwelling-house had five or six rooms in it.

Another witness for the defendant, a son of his, testified that the plaintiff came to see his father two or three times a week in 1875 about renting the farm in Wisconsin, and on one of those visits after his father had read to him a letter received from his uncle out there, telling him not to send anybody out there to buy the farm, the plaintiff said to his father he guessed his uncle did not want anybody to go out and take the farm but

wanted to keep it himself, and then added, with an oath, he did not care, he would go, when his father said to him, " Well, you must go, for it seems I cannot stop you."

*Bird,* for the plaintiff: In a business transaction such as the renting of this farm was by the defendant to the plaintiff it is fraudulent to assert or positively represent as a fact what the party does not at the time know actually to be a fact, if it turns out that it was not a fact at that time, if the other party is deceived, misled, and damaged by the falsity of it, for actual knowledge to the contrary of his representations if they be false, is not necessary to render the party making them liable in law for the deceit and injury. *Kerr on Fraud and Mistake* 325 ; 13 *Pet.* 26 ; 29 *Ala.* 346 ; 21 *N. Y.* 238 ; 36 *Barb.* 357 ; 40 *Barb.* 256 ; 8 *Hare* 221 ; 2 *Pa.* 240 ; 10 *E. C. L. Rep.* 283.

*Whitely,* for the defendant : We rely on the case of *Fooks* v. *Waples,* 1 *Harr.* 131.

*The Court, Comegys, C. J., charged the jury :* In actions of deceit, to entitle the plaintiff to recover he must prove that the defendant made a false and fraudulent representation of facts, and that he so made it with the intent to deceive the plaintiff. They were then first to inquire whether the plaintiff was induced to enter into the lease and to proceed to take possession of the property rented by reason of the representations made to him by the defendant, and if so, then whether they were false and known by the defendant to be so when they were made, and were made with the intent to deceive him. If they were satisfied from the evidence before them that such was the case, then their verdict should be for the plaintiff. But they would not be justified in rendering any verdict for him unless all those requisites to a recovery had been proved by the evidence in the case.

With respect to the damages in case their verdict should be for the plaintiff, the only ground laid or alleged for damages seemed to be the expenses of the journey of himself and family and of the transportation of his goods and chattels to Wisconsin and back, and also his loss of wages in the meantime on the Brandy-

wine, the plaintiff averring that he gave up his employment there by reason of the same misrepresentations, and as to the amounts of which proof had been submitted to them in the progress of the trial for their consideration; and while we say to you that these would afford legitimate grounds for damages in the suit in case the jury should be of opinion that the plaintiff is entitled to a verdict, we must at the same time say to you that he is only entitled to a verdict for such an amount of damages as he has proved that he actually sustained in the case. Recurring again to the requisites of the action before stated, and particularly with respect to the intent to deceive, we say to you that it was not necessary that it should appear by the testimony of witnesses that the defendant declared his purpose to deceive the plaintiff, or by any other kind of direct and positive evidence. Fraud is a conclusion of law upon facts proved, and while it is perfectly true that it is not to be presumed merely in any case, yet it may be inferred or concluded from facts proved, as well as any other fact involved in the trial of a cause. If, therefore, in this case, the representation of the quality and condition of the premises made by the defendant to the plaintiff induced him to rent them and to go to Wisconsin with his family and goods to take possession of them, and that representation was fraudulent because of the defendant's knowledge to the contrary, and they should be so satisfied from all the evidence in the case, then they would be justified in drawing from it the conclusion that the intent of the defendant in making them was to deceive the plaintiff.

But the jury should also be satisfied from all the evidence in the case, and under all the facts and circumstances proved in it, that the plaintiff was justified in relying on the representation of the defendant as true, and that he believed it to be true and acted upon it as true. And on that point they should take into consideration the testimony of the witnesses, Dugan, and the son of the defendant, from which it appeared that the defendant had informed the plaintiff previous to the renting that he had never been in Wisconsin, and referred him to a neighbor of his on the Brandywine, Dugan, who had seen the farm, for information in regard to it, and who says the plaintiff did come to see him about it, and that he communicated that knowledge to him, except

with respect to the state of the buildings upon it. They were also to give such weight to the testimony of the son of the defendant as they might consider it justly entitled to, and who stated that the letter produced on the trial and translated before you was read as translated here by his father to the plaintiff in his presence before he left for Wisconsin, and from which it would appear that he supplied him with information, material and important to some extent at least. And in addition to that, you have the testimony of the draughtsman of the lease that the defendant urged the plaintiff not to · depend on the information which he could give him in regard to the farm, but to go to a man on the Brandywine who had seen it and could tell him all about it. If the damage sustained and complained of by the plaintiff was caused by false and fraudulent representations made to him by the defendant in regard to the state and condition of the premises, then their verdict should be for the plaintiff, with such damages as he had before stated to them ; but if not, then their verdict should be for the defendant.