Harry Wilson, to use of Ambler Building and Loan Association, Mortgagee, Appellant, *v.* Mutual Fire Insurance Co. of Montgomery County.

*Insurance—Fire insurance—Assignment of policy—Defenses.*

An assignee of a policy of fire insurance takes it subject to all the equities which existed between the original parties at the time of the assignment.

*Insurance—Fire insurance—Additional insurance—Estoppel.*

Where the by-laws of a mutual fire insurance company forbid additional insurance unless the same is approved by the company, if the company with notice of additional insurance continues to make and collect assessments on a policy it is estopped from defending in a suit on the policy on the ground that the assured violated the by-laws.

Notice to the secretary and treasurer of a fire insurance company of additional insurance is notice to the company itself.

Argued Feb. 5, 1896. Appeal, No. 116, Jan. T., 1896, by plaintiff, from judgment of C. P. Montgomery Co., June T., 1894, No. 153, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before SWARTZ, P. J. The facts appear by the opinion of the Supreme Court. The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing verdict for defendant.

*N. H. Larzelere, M. M. Gibson* with him, for appellant.—Prior acts of forfeiture by an assignor do not affect the rights of a purchaser of a property to whom the policy is assigned with the consent of the insurer: Ellis v. Ins. Co., 32 Fed. Rep. 646; 2 May on Ins. 378; Wood on Ins. 110; Fland. on Ins. 484; Comings v. Cheshire County Mut. Fire Ins., 55 N. H. 457; Wilson v. Hill, 3 Met. 66; Pratt v. New York Cent. Ins. Co., 64 Barb. 589; 14 Am. Rep. 304; Hall v. Niagara Fire Ins. Co., 18 Lawyers' Rep. Annotated, 135.

If the proper officer, whose duty it was to keep a record of the fact of additional insurance, had notice and knowledge of

that fact, the mere fact that a failure upon either his part, or the part of the insured, to have the fact actually noted upon the policy cannot cause a forfeiture to the detriment of insured, after he has been paying assessments to that same officer, and resting in the security that his buildings are insured: McFarland v. Kittanning Ins. Co., 134 Pa. 590; Gould v. Ins. Co., 134 Pa. 570; Coursin v. Penna. Ins. Co., 46 Pa. 328; McGonigle v. Susquehanna Mut. Fire Ins. Co., 168 Pa. 1; Ins. Co. v. Stauffer, 33 Pa. 404; Mix v. Royal Ins. Co., 169 Pa. 645; W. & A. Pipe Lines v. Ins. Co., 145 Pa. 360; McCormick & Son v. Royal Ins. Co., 163 Pa. 184.

Waiver and estoppel are for the jury: Crawford County Mut. Ins. Co. v. Cochran, 88 Pa. 230; Bonnert v. Penna. Ins. Co., 129 Pa. 558; Gould v. Home Ins. Co., 134 Pa. 570; Elliott v. Ashland Mut. Fire Ins. Co., 117 Pa. 548.

*Montgomery Evans, Henry R. Brown* and *Louis M. Childs* with him, for appellee.—A policy of insurance is not a negotiable instrument. It is assignable only in equity. Consequently, the assignee takes it subject to all equities which existed between the original parties at the time of the assignment: Ins. Co. v. Roberts, 31 Pa. 438; Buckley v. Garrett, 47 Pa. 204; Ins. Co. v. Dunham, 117 Pa. 460; Bard v. Ins. Co., 153 Pa. 257.

The company is not estopped: Ins. Co. v. Brown, 128 Pa. 386; Welsh v. Ins. Co., 151 Pa. 607; Pipe Lines v. Ins. Co., 145 Pa. 360.

OPINION BY MR. JUSTICE McCOLLUM, March 30, 1896:

The policy on which this suit was brought was issued by the defendant company to Jacob L. Walton on the 21st day of May, 1860. He retained it and paid the assessments upon it until the 4th of April, 1862, when he sold the property covered by it to John B. Jones, to whom he transferred the policy on that day, with the approval of the company. Jones held the policy and paid the assessments upon it until the 15th of April, 1891, when he conveyed the insured premises and duly transferred the policy to Harry Wilson, who paid the assessments upon it until March 31, 1894, when the principal building insured by it was destroyed by fire. Notice of the fire was promptly given

to the president of the company who in compliance with section 7 of the act of incorporation, appointed a committee of three from the board of managers to "examine and inquire into the same." The committee reported performance of their duty and that Wilson was entitled to the full amount of his insurance on the property destroyed. The company declined to pay on the ground that the policy was rendered void, under article 14 of its by-laws, by other insurance upon the property in another company, without its approval.

It appears that Jones on the 22d of April, 1867, obtained a policy of insurance in the Farmers' Mutual Fire Insurance Company of Warminster on the property covered by the policy in question, and that he maintained the same until he sold to Wilson, to whom he transferred it, with the approval of the insurer, and who transferred it back to him with like approval as collateral to his purchase money mortgage. It appears also that the defendant company never indorsed on its policy its approval of the additional insurance. The position of the defendant company therefore is that its policy "shall be considered sunk" since the 22d of April, 1867, although it has, from that time to the 31st of March, 1894, regularly made and collected assessments upon it as an existing and valid policy. If this defense was interposed to a suspicious or doubtful claim there might be some excuse for it. But the integrity of the claim and the good faith of the insured in obtaining the second policy are not questioned. True, Jones and Wilson as members of the company were chargeable with notice of the by-law on which the defense rests, but the policy gave them no notice of it, and whether they actually knew of its existence is at least doubtful. No wonder that the stockholders at a meeting duly convened for the purpose of considering the claim unanimously advised the payment of it.

The contention of the plaintiff may be stated thus: 1. As he was a purchaser of the property insured, the transfer of the policy to him with the approval of the defendant company invested him with a title to it unaffected by any act of a prior holder, and 2, that the company was estopped by its conduct from declaring a forfeiture under article 14 of its by-laws. The first branch of the contention is so obviously opposed to the decisions of this court that it cannot be sustained without re-

versing them. The law in relation to the rights of the assignee
of an insurance policy is well settled in this state, and we are
not persuaded that any departure from or modification of it is
desirable. We have uniformly held that the assignee of the
policy "takes it subject to all the equities which existed be-
tween the original parties at the time of the assignment." Be-
sides, we are unable to see how the position of the plaintiff can
be improved by a construction which makes the transfer to him
operate as a new contract. Contemporaneously with the trans-
fer of the policy in question Jones transferred to him the War-
minster policy so that according to his contention he had a new
contract with each company, and the additional insurance for-
bidden by article 14 of the by-laws of the defendant company.
It is therefore a matter of no consequence in this case whether
the transfer of the policy in question created a new contract
between Wilson and the company or continued an old one sub-
ject to existing equities between the original parties.

The contention that the defendant company by its conduct
waived or is estopped from asserting a forfeiture under its by-
laws remains to be considered. It must be conceded, we think,
that if the company with notice of the additional insurance con-
tinued to make and collect assessments on the policy in suit
without having indorsed thereon its approval of such insurance
it ought in equity to be estopped from resisting the plaintiff's
claim on the ground of non-compliance with article 14. With
notice of the additional insurance it was its duty to approve
the same in accordance with its by-law or to declare its policy
forfeited. Did the company have notice of the Warminster
policy and if so when? McGlathery was its secretary and
treasurer and from the nature of his duties notice to him was
notice to the company. Did he have notice of the additional
insurance? On the 15th of April, 1891, Jones, Wilson, and
Wertsner called at his office for the purpose of having Jones'
insurance policies transferred to Wilson who was then to assign
the policy in suit to the Building and Loan Association, as col-
lateral to its mortgage for a loan and the Warminster policy to
Jones as collateral to his mortgage for purchase money. The
purpose of the parties was stated. Jones produced the policies,
opened them and laid them upon the table before McGlathery.
The transfers of the defendant company's policy were approved

by him, and the transfers of the Warminster policy were approved by the secretary of the company that issued it.   In this transaction was there any notice to McGlathery that the Warminster policy was upon the property purchased by Wilson and covered by the policy in suit?   The defendant company insists that there was not.   But if the Warminster policy was not upon the property sold to Wilson why was it transferred to him to be retransferred to his assignor as collateral to the mortgage?   Certainly McGlathery was advised by the transaction that the policies produced by Jones were obtained by him upon his own property, that he was transferring them to his vendee, and that the agreement for the transfers included a policy issued by another company.   We think the evidence in relation to the transfers of the policies on the 15th of April, 1891, should have sent the case to the jury on the question whether McGlathery as the representative of the defendant company then had notice of the additional insurance obtained by Jones in violation of article 14 and of the transfer of the same to Wilson.   If he did have such notice the company was affected by it and it would in view of the company's subsequent action in making and collecting assessments on the policy in suit constitute a sufficient answer to the only defense made to the plaintiff's claim.   Aside from the question of notice and the evidence pertinent to it we discover nothing in the case which would warrant a reversal of the judgment.

The specification of error is sustained.

Judgment reversed and venire facias de novo awarded.