## MASSACHUSETTS BONDING & INS. CO. v. HARRISBURG TRUST CO.

### No. 8652.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 4, 1944.

Decided March 29, 1945.

As Amended June 11, 1945.

Herbert A. Barton, of Philadelphia, Pa. (Swartz, Campbell & Henry, of Philadelphia, Pa., and ·Braddock & Sohn, of Harrisburg, Pa., on the brief), for appellant.

George H. Hafer, of Harrisburg, Pa. (Arthur H. Hull and Hull, Leiby and Metzger, all of Harrisburg, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and FAKE, District Judge.

McLAUGHLIN, Circuit Judge.

The appellant was surety on a $100,000 depository bond in favor of the Commonwealth of Pennsylvania and covering deposits of the State Treasurer in the appellee bank. The arrangement continued without difficulty fom 1922 to 1932. The advance premium had been $500 a year to and including 1930 when it was increased to $1,000. On October 19, 1932, a cancellation notice was served by the appellant on the Commonwealth of Pennsylvania. On November 21, 1932 the State Treasurer advised the appellee of this. He said that while the Commonwealth did not concede the right of the company to cancel, nevertheless, until the question was decided by the courts, the Commonwealth would insist that the bank substitute another bond or satisfactory collateral. There was testimony (over the objection of the appellant) of a talk between the bank's president and the State Treasurer, the day the notice was received from the latter, to the effect that unless new security was deposited, $100,000 of the State's fund would have to be with-

drawn. After talking it over, they agreed that this be done and that if later desired, other security could be deposited. There was evidence of twenty-six separate accounts of the Commonwealth which on November 21, 1932 totalled $1,707,902.80. That day the Commonwealth withdrew $176,085.90. From and including November 21, 1932 to December 12, 1932, the total withdrawals by the Commonwealth amounted to $1,775,592.34. On November 21, 1932 the Commonwealth had securities of the bank amounting to $380,000 and surety bonds, including appellants, to the extent of $1,400,000. On December 12, 1932 the Commonwealth deposits amounted to $1,429,600. The next day they totalled $1,734,000. It was June 1933 before any new surety bond or additional collateral was given. On November 30, 1932 the president of the appellee bank wrote the surety company as follows:

"Relative to our depository bond on which the premium will be due on December 6th, we have been advised that the Commonwealth of Pennsylvania will not permit the cancellation, nor return the bond.

"We are, therefore, enclosing our check in payment of the premium due December 6, 1933."

The check was accepted by the company and no demand for its return in whole or in part was made until the counterclaim in the present suit. The bond was not returned by the Commonwealth to the bank until February 10, 1938. On February 11, 1938 this action was started by the company against the bank in the sum of $5,000 for premiums on the bond from 1933 inclusive, to and inclusive of the year commencing December 6, 1937. The bank filed a counterclaim for $983.56 representing the pro rata return of the advance premium paid by it for the year commencing December 6, 1932 and covering a period from December 12, 1932 to December 6, 1933. The District Court, sitting without a jury, found against the plaintiff on the main case and in favor of the defendant on its counterclaim.

The one important question on this appeal revolves around the acceptance by the company of the premium forwarded it after notice of cancellation had been sent out and received by Harrisburg Trust Company. The appellee urges that this contention was not raised below and, therefore, cannot be passed upon here. It further suggests that if it should be considered, the appellee is deprived of the opportunity of showing that the acceptance of the premium by the surety was conditional.

The payment of the premium for the year ending December 6, 1933 was alleged in paragraph eleven of the complaint and admitted in the answer. That paragraph and the admission were received into evidence, with the attorney for the bank specifically stating he had no objection. The bank's letter to the company of November 30, 1932 above quoted, which specifically advised the company that the Commonwealth would not accept its notice of cancellation or return the bond and which enclosed a check in payment of the next year's premium, was proven by Reily, the president of the bank, and offered in evidence. The attorney for the plaintiff stated as to the purpose of the offer:

"If your Honor please, the purpose of that is to show Mr. Bailey, (Reily) who was President of the Harrisburg Trust Company, knew that the Commonwealth was not willing to treat the cancellation of the depository bond notice as binding, and after the notice was given by the bonding company to the State Treasurer of the Commonwealth of Pennsylvania Mr. Reily paid the premium and Mr. Reily knew from the contents of this letter that the notice was not binding on the surety company."

Objecting to this, the attorney for the defendant said:

"Yes, if the Court please, I object to the purpose for the reason that the question of whether or not the cancellation notice was effective was a matter of law, it was not a question for the Commonwealth, the bonding company filed the cancellation notice and never withdrew the cancellation notice. As a matter of law the effect of that cancellation notice was to cancel, regardless of what Mr. Reily says."

The letter was then admitted into evidence by the court. There was no attempt at the trial to show that the company accepted the premium conditionally. The trial court found as a fact in its opinion:

"The agreed annual premium was in the amount of $500. which was increased to $1,000. on December 6, 1931, *and the increased premium was thereafter paid to plaintiff yearly, the last payment being*

*for the period ending December 6, 1933."* (Emphasis ours.)

 As seen, payment and acceptance of the premium after notice of cancellation, and the legal effect of this were plainly in the case from the beginning. The record clearly shows that Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, having to do with the necessity of pleading affirmative defenses, is not applicable to the particular situation. Nor, in the light of the above facts, do we see any merit to appellee's proposition that if we pass upon the question, it is deprived of the opportunity to show that the acceptance of the premium was conditional.

 This being a diversity case, Pennsylvania law controls the present problem. In such a bank bond as the one under consideration, the relationship between the Commonwealth and the bonding company is that of insurer and insured. South Philadelphia State Bank v. National Surety Company, 288 Pa. 300, 135 A. 748. Usually where the question of accepting unearned premiums arises, it is the insured who asserts that the insurance company continues its responsibility under its policy. Here we have the company upholding the principle. We think that position substantiated by both the facts and the law. The Pennsylvania decisions are in accord with the settled doctrine on the subject. In Central Market St. Company v. North British & Mercantile Insurance Company, 245 Pa. 272, at page 279, 91 A. 662, at page 664, the general principle as stated in Cooley on Insurance is quoted with approval by the court:

"In 3 Cooley on Insurance, 2683, the learned author, citing numerous decisions from many jurisdictions in support of the text, says: 'The acceptance by an insurance company, with knowledge of facts authorizing a forfeiture or avoidance of the policy, of premiums or assessments which were in no degree earned at the time of such forfeiture or avoidance constitutes a waiver thereof. This waiver is based on the estoppel of the company to declare void and of no effect insurance for which, with knowledge of the facts, full compensation has been received.' "

In Kittelberger v. Clearfield Insurance Company, 106 Pa.Super. 333, at page 340, 163 A. 367, at page 369 the court said:

"It is well settled that, 'if an insurance company accept *unearned* premiums or assessments with a knowledge of facts avoiding the policy, it is estopped to assert the avoidance after a loss has occurred.' Central Market St. Co. v. Ins. Co., [supra] 245 Pa. 272, 91 A. 662, 664."

And see Wilson v. Mutual Fire Insurance Company, 174 Pa. 554, 34 A. 122; McGuire v. Home Life Insurance Company, 94 Pa.Super. 457; Meehan v. Connell Anthracite Mining Co., 318 Pa. 481, 178 A. 833.

In view of this disposition of the case there is no need to discuss appellant's remaining point. The judgment is reversed and the cause remanded to the District Court with instructions to enter judgment in favor of the plaintiff and against the defendant in the sum of $5,000 with legal interest thereon from the respective premium due dates and against the defendant on its counterclaim.