452 A.2d 269

**Esther WILLIAMS and Shirley Morris**

v.

**PILGRIM LIFE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 10, 1982.

Filed Oct. 29, 1982.

---

Rames J. Bucci, Philadelphia, for appellant.

Herbert J. Hutton, Philadelphia, for appellees.

Before CAVANAUGH, CIRILLO, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellees' motion for summary judgment. Because triable issues of fact remain, we reverse and remand for trial.

On September 21, 1977, appellees, beneficiaries of several life insurance policies issued by appellant, sued to recover additional funds arising from the policies' double indemnity clauses as a result of the insured's death by gunshot wound. Upon the parties' cross-motions for summary judgment, the lower court granted judgment for appellees. This appeal followed.

■ Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.Civ.P. 1035(b). It is to be entered, however, only in the clearest of cases when no doubt exists as to the absence of a triable issue of fact. *Granthum v. Textile Machine Works,* 230 Pa.Superior Ct. 199, 326 A.2d 449 (1974).

■ The three insurance policies at issue provided for double indemnity for the beneficiaries if the insured died from accidental causes.* The only evidence offered as to

---

* The limitation on liability in Policy # TP–15546650 (Policy I) is as follows:

> *Limitation of Liability.* The insurance under this Policy does not cover ..., or (2) *death, at any time, from disease or accident from or as a consequence of, injuries intentionally inflicted upon the Insured by the Insured or any other person, or suicide or attempt thereat while sane or insane, or the use or influence of any intoxicant,* or habitual illicit use or drugs *or injuries sustained while fighting or taking part in any altercation resulting in physical violence,* or any illegal or criminal or immoral act on the part of the Insured or injuries sustained in wars or riots, or while the Insured

the cause of the insured's death was a death certificate, stating that he had been "shot during an altercation." Police investigations revealed no "conclusive results about the surrounding circumstances of the shooting." (Lower Court Op. at 2) The record indicates, however, that at least one witness, the insured's brother, could testify as to the circumstances surrounding the insured's death and that evidence pertaining to the insured's drunken state may also exist.

Appellant contends that the gunshot wound suffered during the "altercation" precludes double recovery because it falls under the injuries intentionally inflicted, use or influence of any intoxicant and taking part in any altercation exclusions of Policy I and the "committing or attempting to commit an assault or felony" exclusion of Policies II and III. Appellees, however, maintain that the gunshot wound was accidental for Policy I purposes, but claim that the insured died through the criminal activity of another for Policy II and III purposes.

It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts . . . Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment.

is engaged in military or naval service or in any armed force. In any such event, the Company will return to the Beneficiary all premiums paid on the policy. (emphasis added)

Policies # CM–1051574D (Policy II) and # CM–1011774D (Policy III) are identical and contain the following clauses on liability:

Pilgrim Life Insurance Company agrees to pay an additional amount of insurance equal to the amount of insurance payable at the death of the Insured, immediately upon receipt of due proof that the death of the Insured resulted directly and independently of all other causes from accidental bodily injury as evidence by a visible contusion or wound on the exterior of the body . . .

and

Exceptions and Exclusions—this agreement does not apply to death of Insured resulting directly or indirectly . . . (f) from participating in a riot or committing or attempting to commit an assault or felony. . . .

*Schacter v. Albert,* 212 Pa.Superior Ct. 58, 239 A.2d 841, 843 (1968), *quoting S.J. Groves & Sons Co. v. Ohio Turnpike Comm.,* 315 F.2d 235, 237–8 (6th Cir.), *cert. denied,* 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963).

It is clear from the parties' contentions that the inferences to be drawn from the bare fact of the insured's death in an "altercation" are by no means undisputed. Indeed, appellees, themselves, have alleged different inferences for different policies. Under these circumstances, we find summary judgment inappropriate and, thus, we reverse the order of the lower court and remand for trial.

Reversed and remanded for trial.

We do not retain jurisdiction.