## Easton-Phillipsburg Rent-A-Car, Inc. v. Puritan Life Insurance Company

*Dennis A. DeEsch,* for plaintiff and additional defendant.

*Stanley J. Margle, III,* for defendant.

GRIFO, *J.,* August 28, 1985 — Presently before the court is defendant's motion for summary judgment against plaintiff, Lafayette Trust Bank.

Plaintiffs commenced this action to recover benefits from a life insurance policy purchased in August, 1978 from defendant by Frank Richetta, for plaintiff, Easton Phillipsburg Rent-A-Car, Inc. Richetta was President of Easton-Phillipsburg Rent-A-Car. Subsequently, Richetta assigned the policy to Lafayette Trust Bank as collateral for a loan. Lafayette Trust Bank gave defendant insurance company notice of this assignment, and the assignment was acknowledged by defendant. In January 1983, Richetta ceased paying the premiums on the policy, a fact admitted by all parties. When Richetta died of natural causes in May 1983, plaintiffs demanded payment of the policy in full. Defendant refused, claiming that since Richetta failed to pay the premiums, the policy lapsed; therefore, plaintiffs were only entitled to the amount of the paid-up premiums, or $3,600. Plaintiffs therefore seek $50,000, the full amount of the policy.

Summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there exists no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Williams v. Pilgrim Life Ins. Co., 306 Pa. Super. 170, 452 A.2d 269 (1982). The moving party has the burden of proving that there is no material issue of fact, and the court must accept as true all well-pleaded facts in the nonmoving party's pleadings and examine the record as a whole in the light most favorable to the nonmoving party. Nash v. Chemetron Corp., 246 Pa. Super. 595, 371 A.2d 992 (1977). All doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Herskovitz v. Vespico, 238 Pa. Super. 529, 362 A.2d 394 (1976). A nonmoving party may not, however, rest upon mere allegations or denials in the pleadings to establish that there is a genuine issue of fact; rather, he must set forth such issues of fact by affidavit or as otherwise provided in Pa.R.A.P. 1035. Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 376 A.2d 247 (1977). A case is not appropriate for summary judgment where, although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about inferences to be drawn from the facts, what intention of the parties was formed by the facts, and whether estoppel or waiver of certain rights admitted to exist should be drawn from the facts. Schacter v. Albert, 212 Pa. Super. 58, 239 A.2d 841 (1968).

With these well-settled standards in mind, we turn to the merits of defendant's motion for summary judgment against Lafayette Trust Bank.

In its answer, defendant alleges that it notified Easton-Phillipsburg Rent-A-Car and Richetta that the nonpayment of premiums would terminate the

policy, except to the extent of the paid-up premiums. Easton-Phillipsburg Rent-A-Car denies ever receiving such notice. Lafayette Trust Bank, the assignee of the policy to which notice of nonpayment of premiums was not provided, raises in its New Matter that defendant had a duty to also provide notice of non-payment to it, since defendant was aware of and acknowledged the assignment of the policy to Lafayette Trust Bank.

In support of its motion for summary judgment against Lafayette Trust Bank, defendant contends that it had no obligation to provide notice of nonpayment of premiums to the assignee (Lafayette Trust Bank). Defendant seems to be arguing that it is entitled to judgment against Lafayette Trust Bank in that if no obligation existed to notify Lafayette Trust Bank of Richetta's nonpayment, Lafayette Trust Bank cannot demand full payment of the policy. Defendant's motion actually presents two questions to the court: first, whether defendant had the obligation to notify the assignee of nonpayment of premiums; and second, if no obligation to give notice arose, whether summary judgment may be granted against the assignee.

As to the first question, research by this court and counsel for the parties reveals only one case in this Commonwealth. In Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354 (1881), the Supreme Court concluded that in an action brought by an assignee for the benefit of creditors upon a policy issued to the assignor, where the insurance company defended on the basis of nonpayment of premiums, the assignee could not recover the full amount of the policy on the basis that he should have been notified, even though an agent of the company agreed to give such notice.

A review of the law of other jurisdictions, summarized at 68 ALR 3d 360, reveals principles that are basically in harmony with the Storrs decision, supra. Generally, these other jurisdictions have ruled that an insurer has the obligation to give an assignee notice of nonpayment of premiums under one of three conditions: (1) where the obligation is created by statute, as is the case in New York and Louisiana, for example; (2) where the insurer expressly agrees to give notice of nonpayment; or (3) where the insurer leads the assignee to believe that notice will be forthcoming as a result of previous notifications or promises between the parties. See, 68 ALR 3d 360; Couch on Insurance 2d, §30:143.

Based on the Storrs decision and the more recent rulings of other states on this subject, we conclude in the present case that defendant had no obligation to notify Lafayette Trust Bank of Richetta's nonpayment of premiums. In the absence of a statutory obligation in this Commonwealth, we do not believe that defendant's acknowledgement of the assignment gives rise to an obligation to notify the assignee. However, our conclusion that Lafayette Trust Bank was not entitled to receive notice of nonpayment does not require summary judgment to be entered against Lafayette Trust Bank. Lafayette Trust Bank has an additional interest in this action beyond its demand for payment based on defendant's failure to give notice. That other interest is its status as the assignee to the insurance policy.

Under the Rules of Civil Procedure, an action must be brought by the "real party in interest." Pa.R.C.P. 2002. The assignee of a claim on an insurance policy is the "real party in interest." P.L.E. Insurance, §425.

As in the present case, when a policy is assigned as collateral security the assignee is placed in the same position with respect to rights and liabilities under the policy as the assignor occupied before the assignment. Snyder v. Home Life Ins. Co. of America, 328 Pa. 424, 195 A. 895 (1938). The assignee takes the policy subject to all equities which existed between the original parties at the time of the assignment. Wilson v. Mutual Fire Ins. Co. of Montg. Co., 174 Pa. 554, 34 A. 722 (1896).

Both Easton-Phillipsburg Rent-A-Car and the estate of Richetta have denied receiving notice of nonpayment. Whether this notice was received by the assignor(s) remains an issue of fact, and affects the rights of Lafayette Trust Bank as a real party interest, and as assignee.

Wherefore, we enter the following

## ORDER OF COURT

And now, this August 28, 1985, defendant's motion for summary judgment against Lafayette Trust Bank is denied and dismissed.