## Boatin v. Metcalf

*Steven M. Kramer,* for plaintiff.
*Denise A. Kuhn,* for defendant.

D'ALESSANDRO, *J.,* August 10, 1990 — This opinion is written in support of this court's order of May 3, 1990, granting defendant Ann Metcalf's motion for summary judgment. For the reasons stated herein, this court granted defendant's motion for summary judgment.

Plaintiff Boatin was in the business of renting his automobile to Pennsylvania driver's license permittees for driver's license road-testing purposes at the Island Road Examination Point in Philadelphia, Pennsylvania. Defendant Corporal Ann Metcalf, a state police officer, was the supervisor at the Island Road Examination Point. Over a period of time, a series of disputes arose between Boatin and various personnel stationed at the Island Road facility. On May 6, 1987, an automobile accident involving Boatin's car occurred at the road test site. Driver license examiner Armand Faraglia was injured as a result of the collision.

Corporal Metcalf investigated the accident and listed Boatin's car as the cause of the accident. She further informed Boatin that his car would not be accepted at the examination point until the steering mechanism was inspected. Boatin lodged an internal complaint against Metcalf on May 12, 1987. Lieutenant Tyree C. Blocker, commanding officer of the criminal investigation section of Troop ''K,'' Philadelphia, was assigned to investigate the complaint.

Lieutenant Blocker interviewed Corporal Metcalf as part of his investigation. Corporal Metcalf was ''on duty'' at the time of the interview. Metcalf told Blocker that she suspected another rental vehicle owner, Schwam, was splitting profits with Boatin even though Boatin was not at that point renting his own car, because Schwam feared that Boatin might do him bodily harm. Blocker's report indicated that Corporal Metcalf believed that Mr. Boatin was ''extorting'' money from Mr. Schwam and that she believed Mr. Schwam was giving Mr. Boatin money under ''the threat of bodily harm.'' The word ''ex-

torting" was Blocker's word and was used to sum up what Metcalf had told him.

Plaintiff Boatin originally filed suit in the United States District Court for the Eastern District of Pennsylvania. This suit, alleging federal and constitutional causes of action, was dismissed on all but two counts. On the two counts, the jury returned verdicts against Boatin and in favor of defendants. On June 22, 1988, Boatin filed the instant action against Metcalf in state court alleging libel and slander. This court granted summary judgment in favor of Metcalf and against Boatin.

Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Company,* 306 Pa. Super. 170, 452 A.2d 269 (1982). Summary judgment should not be granted unless the case is free from doubt. *Weiss v. Keystone Mack Sales,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Public Utility v. Thornburgh,* 62 Pa. Commw. 88, 434 A.2d 1327 (1982). It is against this standard that we review the instant motion for summary judgment.

The Commonwealth of Pennsylvania and its officials acting within the scope of their duties are immune from suit except where specifically waived. 1 Pa.C.S. §2310. When sovereign immunity is specifically waived "[a] claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42. . . ." 1 Pa.C.S. §2310.

"Commonwealth parties" may be sued only if the claim is one for negligence and fits within one of the

nine enumerated categories under 42 Pa.C.S. §8522(b)(1) through (9) which serve as exceptions to the general rule of sovereign immunity. 42 Pa.C.S. §8501. A Commonwealth party is "[a] Commonwealth agency and any employee thereof, but only with respect to an action within the scope of his office or employment." 42 Pa.C.S. §8501.

The Pennsylvania State Police is a "Commonwealth agency" under 42 Pa.C.S. §8501. 75 P.S. §250 et seq. Corporal Metcalf is an employee of the Pennsylvania State Police and is therefore an employee of a "Commonwealth agency." Thus, Corporal Metcalf is protected under the blanket of sovereign immunity unless Boatin's claim falls within one of the enumerated, and quite limited, exceptions to sovereign immunity.

A review of the exceptions under 42 Pa.C.S. §8522(b)(1) through (9) indicates that the instant libel and slander action does not fall within one of the enumerated exceptions. In fact, these exceptions are available where the acts which cause injury were negligent and damages would be available but for sovereign immunity. 42 Pa.C.S. §8522. The instant action is clearly based on an intentional tort rather than on any negligence of a Commonwealth party. Since the complaint does not sound in negligence and is not within the enumerated exceptions, sovereign immunity bars the suit.

Because Corporal Metcalf is an employee of a Commonwealth agency and said agency, the Pennsylvania State Police, is immune from suit except in nine enumerated circumstances, and plaintiff's action does not fall within one of those nine exceptions, this court granted defendant Metcalf's motion for summary judgment.