**Rowe v. Landvater**

C.P. of Perry County, no. 93-550.

*Jerry A. Philpott,* for plaintiff.
*William A. Addams,* for defendant.

QUIGLEY, *P.J.,* December 29, 1994—This memorandum addresses defendants' motion for summary judgment. In upholding such a motion, this court acknowledges that there must be not only an absence of genuine factual issues, but also that the moving party must be entitled to judgment as a matter of law. *Rybas v. Wopner,* 311 Pa. Super. 50, 457 A.2d 108 (1983). Additionally, summary judgment is entered in only the clearest of cases when no doubt exists as to the absence of a triable issue of fact. *Williams v. Pilgrim Life Insurance Co.,* 306 Pa. Super. 170, 452 A.2d 269 (1982). For the reasons listed below, the motion for summary judgment is granted.

A summary of the facts, as agreed to by both parties, is as follows: While on the defendants' property, plaintiff walked over to the defendants' dog and started petting it. The dog was secured by a chain and collar. The plaintiff and his son had been warned previously not to approach the dog because they were strangers and the defendant husband did not know how the dog would

react. Nevertheless, because the dog appeared to be friendly, plaintiff bent down to pet the dog. After petting the dog, plaintiff stood and turned to leave. At that point, the dog jumped up and bit off a significant portion of the plaintiff's ear. The defendants testified that the dog had never bitten anyone before, and that the only danger to date that the dog posed was the tendency to jump up on people. The issue before this court is whether the dog's tendency of jumping up on people is a vicious propensity sufficient to put the defendants on prior notice of the bite.

A review of Pennsylvania's present "dog bite" law reveals two separate approaches that must be used to answer this question. One approach involves the Commonwealth's Dog Law. See 3 P.S. §§459-305. If a dog has injured a person, and the dog's owner was violating the Dog Law when the incident occurred, the owner is negligent per se regardless of any prior knowledge of a vicious propensity. See *Miller v. Hurst,* 302 Pa. Super. 235, 448 A.2d 614 (1982) (overruling *Freeman v. Terzya,* 229 Pa. Super. 254, 323 A.2d 186 (1974)). This approach is not applicable in the present case because the defendants' dog was properly secured on their property; therefore, the defendants were not violating the Dog Law.

The second approach, grounded in common law, is that a dog owner who knows or has reason to know of a dog's vicious propensities must exercise reasonable care in securing the dog. See *Andrews v. Smith,* 324 Pa. 455, 188 A.2d 146 (1936). This approach contains two prongs: (1) the dog's owner must have known or have had reason to know of the dog's vicious propensities; and (2) the dog owner must exercise rea-

sonable care in securing the dog to prevent it from injuring someone. See *Deardorff v. Burger,* 414 Pa. Super. 45, 50, 606 A.2d 489, 492 (1992), *alloc. denied,* 532 Pa. 655, 615 A.2d 1312 (1992). Defendants acknowledge that the tendency of an animal to jump up on people is a dangerous propensity. However, as the defendants have pointed out, this tendency to jump did not cause the injury to the plaintiff. The fact the dog bit the plaintiff's ear caused the injury. Therefore, because the dog had never bitten anyone prior to biting the plaintiff, defendants argue that they had no prior notice of this type of vicious propensity. Plaintiff on the other hand, argues that summary judgment should not be granted because statements made by the defendant wife indicate that the defendants had prior knowledge of the dog's vicious propensity, and that such knowledge was sufficient to put the owners on notice. This court rejects plaintiff's argument and adopts the defendants'.

Both parties have cited to *Groner v. Hedrick,* 403 Pa. 148, 169 A.2d 302 (1961), which states: "that the law makes no distinction between an animal dangerous from viciousness and one merely mischievous or dangerous from playfulness, but puts on the owner of both the duty of restraint when he knows of the animal's propensities." *Id.* at 151. Applying this rule to the present case, this would mean that the tendency of the defendants' dog to jump up on people, regardless of why the dog did so, put the defendants on notice of this vicious propensity. However *Groner* is distinguishable from the present case because in *Groner* the injuries were caused by the dog jumping up on the plaintiff.

Plaintiff argues that *Groner* should not be read so narrowly and that the knowledge of any vicious pro-

pensity is sufficient to put the defendants on notice. Plaintiff cites to *Miller v. Hurst* in support of this argument; however, as discussed *supra,* this case is inapplicable as it involves a dog owner who was violating the Dog Law. Moreover, case law clearly establishes notice is related to the type of vicious propensity that the dog has exhibited. In *Mann v. Weiand,* 81 1/2 Pa. 243 (1875), the Supreme Court stated that "one instance may show such unmistakable evidence of a vicious propensity as to make the owner of the dog, with notice, liable for any subsequent *act of a similar character." Id.* at 254. (emphasis added) Again, in *Andrews v. Smith, supra,* the court stated "[t]he only restriction is that the act done must be such as to furnish a reasonable inference that the animal is likely to commit an act *of the kind complained of." Id.* at 458, 188 A.2d at 146. (emphasis added) These excerpts from *Mann v. Weiand* and *Andrews v. Smith* were quoted verbatim in the relatively recent *Deardorff v. Burger* decision, *supra.* This court interprets these excerpts to mean that the defendants were put on notice of the dog's tendency to jump up on people, but were not put on notice as to the dog biting someone.

Because of the above mentioned reasoning, there are no issues of material fact present as both parties agree that the defendants had no prior knowledge of the dog ever biting someone. Plaintiff is entitled to judgment as a matter of law, therefore, motion for summary judgment is granted.

## ORDER

And now, December 29, 1994, in accordance with the within memorandum, defendants' motion for summary judgment is granted and plaintiff's complaint dismissed.