426 A.2d 646

**Thomas MARCHESE**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed Jan. 23, 1981.

Petition for Allowance of Appeal June 1, 1981.

---

580

Robert A. Rosin, Philadelphia, for appellant.

Donald E. Matusow, Philadelphia, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal from an order of the Common Pleas Court of Philadelphia County, (Sabo, J.) which affirmed the award of an arbitrator for $250,000.00 in favor of the plaintiff-appellee based on a "garage" policy of insurance which had been issued by appellant, Aetna Casualty and Surety Company (hereinafter, Aetna) to Wrona Pontiac-Cadillac, Inc. The policy covered twenty "dealers plates" owned by Wrona, one of which was designated in the policy for the use of appellee, Thomas Marchese. Twenty premiums for uninsured motorist coverages were paid by Wrona and none by Marchese. The policy contained the provision covering damages for bodily injuries sustained through the negligence of an uninsured motorist as required by the Uninsured Motorist Act,[1] with a limit of $15,000.00 applicable to each person who might sustain damages because of bodily injury as a result of one accident.

The award to plaintiff was based on the belief of the arbitrator that plaintiff had a right to recover an amount determinable by cumulating the limits of liability under the uninsured motorist provision as it applied to each of the twenty plates covered by the policy, or within a maximum amount of $300,000.00. The award was less than that amount and therefore within the limits of Aetna's liability exposure under the policy, considered as just stated.

The accident in which Marchese sustained injuries for which he is now claiming damages occurred when he was

[1]. Act of August 14, 1963, P.L. 909, § 1, as amended 40 P.S. § 2000 (1971).

driving a vehicle owned by Wrona with dealer plates assigned to him by Wrona.[2] It was struck by a stolen automobile operated by an uninsured motorist.

The issue before us is whether "stacking" or the cumulation of coverages under the Uninsured Motorists' Provision of the policy is permitted, as was done by the arbitrator.

The provision of the policy before us on which Aetna relies in support of its argument against "stacking" states:

"III Limits of Liability—Regardless of the number of insureds under this policy, the company's liability is limited as follows:

(a) The limit of liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting 'each person' the limit of liability stated in the schedule is applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident."

The subject of "stacking" or cumulating coverages has been considered by our court and our Supreme Court in numerous cases since the Uninsured Motorist Act was passed. From those cases, certain principles have been pronounced. Fundamentally, the law is to provide protection to innocent victims of irresponsible drivers, and the statute requires a liberal construction to achieve the legislative intent. Further, it has been held that where a loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss, and that provisions such as the above, limiting that liability, are in derogation of and

---

2. The vehicle being driven by Marchese was covered under the following clause of the policy: "Automobiles owned by the insured are furnished to the following persons or organizations for their regular use for ... business purposes or for non-business purposes ...." Thomas Marchese was one of three persons named in this provision.

repugnant to the Uninsured Motorists Act. *State Farm Mutual Auto Insurance Company v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978), and cases therein cited.

Appellant seeks to distinguish *Williams* and the cases it cites from the present case for the reason that *Williams* and cases it cites all involved more than one policy of insurance, whereas there was but one policy issued to Wrona. A further distinction is advanced by appellant in that *Williams* dealt with an "exclusion" rather than a "limitation."

In *Williams*, Alfred Williams was driving his wife's automobile when it was involved in an accident with a vehicle driven by an uninsured motorist. The wife's car was insured with the mandated uninsured motorist vehicle coverage provision. The husband also had a policy with a similar provision on a Chevrolet truck owned by him. The husband recovered the limits of the wife's insurance, but his company refused payment under the following provision of his policy:

"This insurance does not apply

(b) to bodily harm to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, such vehicle is not an owned motor vehicle."

*Williams* interpreted this to mean

"The above exclusion prohibits all recovery by the insured under his policy, if the injury was sustained while he occupied another motor vehicle owned by a resident of the house, and if that vehicle was not an insured vehicle under his policy." Supra, 481 Pa. at 142, 392 A.2d at 286–287.

Citing *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968), the court in *Williams* allowed recovery and drew the following conclusions:

"The insured may recover uninsured motorist benefits:
1. If the injured party paid the premiums of the policy and was the named insured; and
2. If the recovery under the second uninsured motorist coverage was limited to actual damages; and
3. If the recovery is not limited by the statutory exclusions." Supra, 481 Pa. at 143, 392 A.2d at 287.

The language in *Harleysville* is applicable to the "household" exclusion in this case, as it was to the "excess insurance" exclusion in *Harleysville*."

Since *Williams* was decided (October 5, 1978), this court has had occasion to consider the same "Limits of Liability" provision, as herein before set forth, in *Sones v. Aetna Casualty and Insurance Company*, 270 Pa.Super. 330, 411 A.2d 552 (1979) (Pet. for All. of appeal denied January 16, 1980). An examination of the factual situation in *Sones*, reveals that Zelda Sones sustained injuries while a passenger in an automobile owned by her husband which came in collision with an automobile operated by an uninsured motorist. The automobile in which she was riding was one of three owned by her husband, Dr. Sones, and were included in one policy issued to him. Separate premiums were paid for uninsured motorists coverage for each vehicle. Therein, we held that the limitation of liability provision of the policy was in derogation of and repugnant to the coverage provisions of the uninsured motorists Act and therefore ineffective. Thus, we held that Mrs. Sones was not subject to the limitation applicable to one vehicle, but was also entitled to cumulate, up to the amount of her loss, the coverage available on the other insured vehicles owned by her husband.

*Michael v. Aetna Casualty and Surety Co.*, 6 D. & C.3d 691 (1978) aff. Per Curiam, 272 Pa.Super. 622, 422 A.2d 699 (1979), (All. denied January 5, 1980), was also a single policy case wherein "stacking" was allowed and the same "Limits of Liability" provision was held as merely limiting recovery by the injured party in excess of $15,000.00 for each insured automobile, and did not exclude "stacking".

Appellant would have us disregard *Sones* and *Michael* since two of the three criteria (previously stated) set forth in *Williams* are not satisfied, specifically payment of the premium by the injured party who was the named insured and recovery not limited by statutory exclusion. Appellant argues that Marchese, in the present case, did not pay the premium nor was he a named insured; and that *Williams* involved an "exclusionary clause" and not a "limitation of liability" provision.

As to the first criteria of *Williams* regarding the payment of premiums and being a named insured, we recognize that Marchese did not pay any of the premiums and that the policy was issued to Wrona. However, we cannot accept the argument that Marchese was not a named insured since it is definitely provided therein that he is one of the persons to whom a dealer's plate would be issued for use on a vehicle owned by Wrona, his employer. Although the words of *Williams* state that payment of the premium by the injured party is a requirement, and such requirement was met in *Williams*, we do not accept that statement as a condition precedent to recovery in all cases. In fact, in the present case, Aetna indicated its willingness to pay Marchese $15,000.00 which it argues is the limit of its liability. We note further that the premium was not paid by the police officer in *Michael*, supra, who was driving a city owned automobile, nor by Mrs. Sones, who was a passenger in an automobile owned and insured by her husband. Thus, we find no merit in this argument.

Appellant's second argument that *Williams* is distinguishable because it involved an "exclusionary clause" whereas the instant case concerned a "limitation of liability" provision is also without merit. In both *Sones* and *Michael*, this court specifically rejected the enforceability of limitation of liability clauses identical to the ones relied upon herein by the appellant. No matter how the language is worded or characterized, we have held and so continue to hold that any attempt by a carrier to limit its liability is void as being repugnant to the remedial purposes of the Uninsured Motorist Act.

Finally, whether the coverage is in several policies or multiple coverage in one does not seem important in light of the principles relating to limitation provisions which we have referred to. The appellant has included multiple coverage in the present policy and received separate premiums on each plate (or vehicle bearing it) in the same manner it would have done in separate policies. It would have been liable to appellee Marchese in either case. See *Michael*,

586

supra. (The policy therein covered three automobiles). Were we to rule otherwise, an insurer could avoid the additional liability by merely using the expedient of writing one policy for multiple coverages.

We believe that we are bound by the decisions hereinbefore set forth and see no reason to reverse either *Sones* or *Michael* recently decided by this court.

Order affirmed.

WATKINS, J., concurred in the result.