## Parillo v. GEICO

*Michael P. Malakoff, Richard A. Lineberg* and *Normon A. Levine*, for plaintiff.

*Richard S. Dorfzaun* and *Larry A. Silvermon*, for defendant.

CAIAZZA, *J.*, April 19, 1983—The issue of "stacking"[1] as it relates to the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act)[2] is before the court on preliminary objections to an amended complaint.

The facts in this case involve a motor vehicle accident on November 1, 1981, wherein plaintiff's son was killed. Decedent was a passenger in another person's vehicle at the time of the accident. Decedent is a covered person under both the motor

---

1. The term stacking does not have a proscribed legal definition. It refers to (a) the cumulation of benefits from multiple applicable policies or (b) the cumulation of multiple coverages with one policy.

2. The Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

vehicle insurance policy issued by State Automobile Insurance Company (State Mutual) and the separate policy issued by Government Employees Insurance Company (GEICO). Each policy contained the minimum basic loss benefits required by the No-fault Act.

Plaintiff filed a claim for basic loss benefits with State Mutual who paid the maximum amounts due under its policies for funeral expenses ($1500) and work-loss ($15,000). Actual funeral expenses totaled $2,581 and work-loss of decedent, who was 21 years of age and in good health, exceeded $15,000. Consequently, plaintiff filed a claim with GEICO.

By a letter dated August 24, 1982, GEICO denied plaintiff's claim, contending that No-fault benefits could not be stacked or duplicated under the applicable Pennsylvania law. Plaintiff then filed this complaint as a class action seeking monetary relief with interest and attorney fees and a declaratory judgment prohibiting defendant from asserting a defense against "stacking" in future claims.

The main issue before the court is whether plaintiff should be permitted to cumulate or "stack" the work-loss benefits from each of the two policies covering the decedent. A separate premium was paid under each policy covering the decedent for basic No-fault protection.

Plaintiff contends that the public policy and rationale applied to the Uninsured Motorist Act[3] permitting the stacking of multiple vehicle coverage should be applied to the No-fault Act. In addition, a general policy of the No-fault Act favors full compensation to the victim. Finally, plaintiff

---

3. Act of August 14, 1963, P.L. 909, 40 Pa.C.S.A. §2000 et seq.

opines that public policy overrides the explicit terms of an insurance contract if the contractual terms operate to defeat the reasonable expectations of the insured.

"Stacking" was permitted by the Pennsylvania Supreme Court for uninsured motorist coverage in Harleysville Mutual Casualty Company v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968). There, the court found that the "purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers." The statute was liberally construed to achieve the stated purpose. See also Marchese v. Aetna Casualty & Surety Company, 284 Pa. Super. 579, 426 A. 2d 646 (1981) (any clause purporting to limit liability is repugnant to the Uninsured Motorist's Act).

Plaintiff here sensibly argues that the 1974 legislature's failure to provide express restrictions against stacking in view of the 1968 Harleysville decision is a persuasive indication that the General Assembly did not intend to prohibit stacking. See also, O'Bryan v. U.S. Fidelity & Guaranty Company, April 18, 1982, York County, Pennsylvania (stacking is permissible under No-fault Act); Wasche v. Milbank Mutual Insurance Company, _____ Minn. _____, 268 N.W. 2d 913 (1978) (stacking is permissible under the No-fault Act).

The pertinent sections of the No-fault Act relating to the stated purpose of the Act are as follows:

§ 1009.102 Finding and purposes

(a) Findings. The General Assembly hereby finds and declares that:

• • •

(3) the maximum feasible restoration of all individuals injured and compensation of the economic

losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways . . . is essential to the humane and purposeful functioning of commerce;

(4) to avoid any undue burden on commerce, . . . it is necessary and proper to have a Statewide low-cost, comprehensive and fair system of compensating and restoring motor vehicle accident victims and the survivors of deceased victims;

(5) exhaustive studies . . . have determined that the present basic system [requiring every victim to show that someone else was at fault] . . . is not such a low-cost, comprehensive and fair system;

(6) careful studies, intensive hearings, and some State experiments have demonstrated that a basic system of motor vehicle accident and insurance law which:

(A) assured every victim payment of all his basic medical and rehabilitation costs, and recovery of a reasonable amount of work-loss, replacement services and survivor's loss; and

(B) eliminates the need to determine fault except when a victim is very seriously injured,

• • •

is such a low-cost, comprehensive and fair system;

• • •

(a) Purposes—Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.

Both plaintiff and defendant attempted to aid the court in ascertaining the legislative intent regarding the stated purpose of the No-fault Act. The par-

ties here have adequately analyzed the statute according to the factors enumerated in the Statutory Construction Act of December 6, 1972, P.L. 1339, 1 Pa.C.S.A. § 1921 in determining legislative intent.[4]

In addition, the parties point out the relevant portions of the seven Pennsylvania common pleas court decisions permitting "stacking" of No-fault benefits: Brendlinger v. Allstate Insurance Company, No. 450 Pittsburgh, 1982 (appeal pending); Wilson v. Keystone Insurance Company, 7 Phila. 274 (1981) (appeal pending); Heinsey v. National Insurance Company, 74 Berks C.L.J. 87 (1981); Wright v. National Grain Mutual Insurance Company, No. 10 Philadelphia (1982) (unreported decision); O'Bryan v. U.S. Fidelity & Guaranty Company, No. 80-5-3732 (C. P. York, April 17, 1982; Scheirer v. Nationwide Mutual Insurance Company, 131 P.L.J. 72 (C. P. Alleg. 1983); and Isenberg v. Nationwide Mutual Insurance Company, No. 82-13744 (C. P. Alleg. November 17, 1982) as well as the two common pleas court decisions to the contrary; Antanovich v. Allstate Insurance Company, No. 299, June Term 1981 (C. P. Washington, June 8, 1982); and Pontius v. U.S. Fidelity & Guaranty, 102 Dauphin 432 (C. P. 1981) (criticized by Superior Court on other grounds).

---

4. The factors are as follows:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

Other courts, faced with similar No-fault statutes, have allowed the cumulation of benefits in cases where the statutes did not expressly prohibit stacking nor specifically limit the amount of recoverable loss. See Wasche, supra, (Minn. 1978); Cooke v. Sofeco Insurance Company of America, 94 Nevada 745, 587 P. 2d 1324 (1978). The courts of Texas, New Jersey, Kansas and Florida have disallowed "stacking" in situations where the statute clearly prohibits "stacking" or in instances where the courts had previously denied "stacking" for uninsured motorist benefits. See Guerrero v. Aetna Casualty Insurance Company, _____ Texas _____, 575 S.W. 2d 323 (1978) (stacking of uninsured motorist benefits was previously denied by law); Riccio v. New Jersey Manufacturers Insurance Company, 179 N.J. Super. 65, 430 A. 2d 641 (1981) (stacking of uninsured motorist benefits was previously denied by case law); McNemee v. Farmers Insurance Group, 228 Kansas 211, 612 P. 2d 645 (1980) (statutes provides: "any insurer may exclude benefits . . . for injury sustained . . . by insured and relatives . . . while occupying another motor vehicle owned by named insured . . . "); State Farm Mutual Auto Insurance Company v. Castaneda, 339 S. 2d 679 (Florida Dist. Ct. App. 1976) (statute provides: "any insurer may exclude benefits . . . for injury sustained . . . by insured and relatives . . . while occupying another motor vehicle owned by named insured . . . ").

The main thrust of defendant's argument relates to the interpretation of the No-fault Act. Utilizing the factors enumerated in the Statutory Construction Act of 1972, supra, defendant analyzes the relevant portions of the No-fault Act in an attempt to determine the intent of the legislature relating to

the issue of stacking. Though defendant's arguments concerning (a) the legislative scheme offering higher levels of No-fault benefits and (b) the section of the act providing priority for multiple sources of security (§204(b)) are rational reasons for disallowing "stacking", this court finds that defendant has failed to adequately address and refute the overall policy of the No-fault Act.

The crucial policy of the No-fault Act, seen in §102, is to provide "maximum feasible restoration of all individuals injured and compensation of the economic loss of the survivors of all individuals killed." To permit the cumulation of the No-fault benefits is best in keeping with the scheme of the No-fault Act. Accordingly, the No-fault Act is here interpreted to allow the stacking or the cumulation of No-fault benefits.

The preliminary objections also raise the issue of whether plaintiff has standing to sue on behalf of all other persons denied benefits from defendant on grounds of "stacking." Defendant here contends that plaintiff initially recovered the basic loss benefits from one insurance company and now seeks to recover further benefits from the present defendant under the theory of stacking. Defendant opines that plaintiff does not adequately represent the class since plaintiffs' class includes persons who seek benefits from the stacking of several vehicles under one policy issued by defendant.

The court regards this argument as meritless since the underlying issue of "standing" remains the same whether plaintiff seeks benefits based on (a) several vehicles under one policy or (b) several vehicles with separate policies or (c) a single vehicle with several policies. Defendant's argument would be more appropriately raised as it relates to

the issue of the priority of multiple sources of security.[5]

Accordingly, this court holds that plaintiff has met the typicality requirement of Pa.R.C.P. No. 1702(c) as discussed in Ablin, Inc. v. Bell Telephone Co. of Pa., 291 Pa. Super. 40, 435 A. 2d 208 (1981) inasmuch that the representative here is squarely aligned in the interest of stacking with the class he seeks to represent.

The final preliminary objection of defendant concerns the applicability of an equitable declaratory judgment in this case. Defendant contends that plaintiff has an adequate remedy at law.

Plaintiff here seeks a declaratory judgment for the express purpose of preventing defendant from again asserting the same defense, except upon a penalty. Such relief should not be granted since the No-fault Act already penalizes an insurer who denies any claim without reasonable foundation or fails to make timely payment by imposing attorney's fees, see § 1009.107(3), and interest, see § 1009.106. In addition, the proper certification of the class in the case sub judice concerning "stacking" should preclude defendant from asserting the defense in other common pleas courts of this Commonwealth; unless, of course, the claim is distinct from the one presently before this court.

---

5. Subsection 204(b) of the No-fault Act provides that benefits shall be paid by the obligor against whom a claim is first asserted with a right to seek contribution from any other obligors. Though defendant may not always be the first obligor against whom a claim is asserted in claims involving stacking by some of the members of plaintiff's class, such a result does not affect the liability of defendant once a pro rata contribution is sought by the first obligor.

## ORDER OF COURT

Now, April 19, 1983, the preliminary objections of defendant to the amended complaint are hereby denied.