463 A.2d 1163

Harold NOVOSELLER

v.

ROYAL GLOBE INSURANCE COMPANIES and General Accident Group.

Appeal of ROYAL GLOBE INSURANCE COMPANIES.

Superior Court of Pennsylvania.

Argued Jan. 20, 1983.

Filed July 29, 1983.

218.

George D. Sheehan, Philadelphia, for appellant.

Benjamin Pomerantz, Philadelphia, for Novoseller, appellee.

Charles W. Craven, Philadephia, for General Acc., appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:.

Appellant challenges the stacking or cumulation of insurance policy coverages assessed against it by an arbitration panel. We find that the lower court correctly upheld the panel's determination and, accordingly, affirm.

On November 1, 1967, Harold Novoseller,[1] while operating one of his employer's nine taxi cabs, collided with an uninsured vehicle. Both Novoseller's employer's insurance policy with Royal Globe Insurance Co., appellant, and Novoseller's own policy with General Accident Group, appellee, provided the statutorily required $15,000 minimum

---

**1.** Novoseller's own claim on this appeal, requesting medical and work loss benefits, punitive damages, attorney's fees and costs, plus interest, has been waived, by his failure to raise it below. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Moreover, Novoseller failed to file an appeal from the lower court's affirmance of the award as required by Pa.R.A.P. 903(a). Novoseller may not ask this Court, at this late date, to consider a claim never raised and an appeal never taken.

uninsured motorist coverage. After appellant paid Worker's Compensation benefits, a panel of arbitrators awarded Novoseller $32,500 in damages, and assessed the full amount of the award against appellant by stacking the coverage of the other cabs.[2] The lower court affirmed the arbitrator's determination and subsequently denied a motion for reconsideration. The original appeal taken to this court was quashed on November 30, 1981, for failure to enter judgment. *Novoseller v. Royal Globe Insurance Co.*, 293 Pa.Superior Ct. 93, 437 A.2d 1007 (1981). Judgment was entered on December 2, 1981, and this appeal followed.

■ In a proceeding governed by statutory arbitration, a reviewing court may modify or correct an award, *inter alia*
> where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

Arbitration Act of 1927, P.L. 381, No. 248 § 11, 5 P.S. § 171(d). This limitation has been construed so that only mistakes of law may be corrected after arbitration. *State Farm Mutual Automobile Insurance Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978); *McDevitt v. McDevitt*, 365 Pa. 18, 73 A.2d 394 (1950).

■ Appellant contends that the arbitration panel, in stacking its coverage of a fleet of cars owned by one insured, made a mistake of law, and requests that the damages be equally apportioned between the two insurance companies.[3] We agree with the lower court that stacking is permissible in Pennsylvania and absent that alleged mistake of law, find no reason to correct or modify the arbitrators' award.

**2.** Stacking, or the cumulation of insurance coverage, occurs when the total amount of insurance available to cover all motor vehicles on a policy involving more than one vehicle may be available for an accident involving just one of those vehicles. For instance, here, appellant's insured owned nine cars, each of which was insured for $15,000, for a total insurance coverage of $135,000. The arbitration panel stacked the coverage to award Novoseller $32,500.

**3.** Neither party contests the amount of damages awarded to Novoseller.

The uninsured motorist provisions, 40 P.S. § 2000, were designed to protect innocent victims suffering grave injuries because of others' negligent use of the highways, *Harleysville Mutual Casualty Co. v. Blumbling*, 429 Pa. 389, 241 A.2d 112 (1968), and are to be liberally construed. *Blocker v. Aetna Casualty and Surety Co.*, 232 Pa.Superior Ct. 111, 332 A.2d 476 (1975). Consequently, insurance companies are required to afford a minimum protection to the owner/operator of a motor vehicle involved in an accident with an uninsured motorist. The Pennsylvania courts have frequently noted that "[t]he legislature has permitted enhancement of that minimum protection, but we believe the statute does not permit a diminution of that protection below the statutory limits." *State Farm Mutual Automobile Insurance Co. v. Williams, supra* 481 Pa. at 139–40, 392 A.2d at 285. In light of the required liberal construction and the legislature's intent, court decisions in this area have evolved to hold that

> where a loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or the amount of the actual loss and that provisions ... limiting that liability, are in derogation of and repugnant to the Uninsured Motorist Act.

*Marchese v. Aetna Casualty and Surety Co.*, 284 Pa.Superior Ct. 579, 582, 426 A.2d 646, 647 (1981).[4] *See Sones v.*

---

**4.** The propriety of stacking uninsured motorist coverage has not always been recognized. When the question initially arose, a line of cases disapproved the practice. In *Nationwide Mutual Insurance Co. v. Ealy*, 221 Pa.Superior Ct. 138, 289 A.2d 113 (1972), the court upheld a contractual agreement between the insurer and the insured, prohibiting cumulative coverage of the insured's five cars. The *Ealy* exclusion was also upheld in *Adelman v. State Farm Mutual Automobile Insurance Co.*, 255 Pa.Superior Ct. 116, 386 A.2d 535 (1978) where the court disallowed stacking of a husband and wife's two policies where "unambiguous contractual language is used to insulate the coverage on one vehicle from that provided by other insured vehicles owned by the insured or his family." *Id.*, 255 Pa.Superior Ct. at 130, 386 A.2d at 542. Unlike those cases, more recent cases have recognized and followed the legislature's intent by permitting stacking. *See State Farm Mutual Automobile Insurance Co. v. Williams, supra; Marchese v. Aetna Casualty and Surety Co., supra; Sones v. Aetna Casualty and*

*Aetna Casualty and Surety Co.*, 270 Pa.Superior Ct. 330, 411 A.2d 552 (1979). In *Marchese, supra,* the court permitted stacking of a "garage policy" covering twenty cars owned by the insured (plaintiff's employer) that were specified as having dealer plates. The plaintiff was awarded $250,000 by an arbitration panel, well within the maximum $300,000 coverage for the fleet of twenty cars. After emphasizing the affront to the uninsured motorist provision of any limitation on liability, the court concluded that "whether the coverage is in several policies or multiple coverage in one does not seem important in light of the principles relating to limitation provisions which we have referred to." *Marchese v. Aetna Casualty and Surety Co., supra* 284 Pa.Super. at 585, 426 A.2d at 649. Similarly in *Sones v. Aetna Casualty and Surety Co., supra,* this Court maintained that in light of *State Farm Mutual Automobile Insurance Co. v. Williams, supra,* stacking was permissible because limitations prohibiting the pyramiding of coverage were repugnant to the uninsured motorist provisions. *See Harleysville Mutual Casualty Co. v. Blumbling, supra.*

 Because stacking of uninsured motorist policies is permitted in Pennsylvania, where any exclusion to the contrary would contradict the legislature's intent, we must affirm the award. Although both insurance companies were available to cover Novoseller's damages, we cannot say that the arbitrators mistook the law in holding appellant liable for the entire amount.[5]

*Surety Co., supra; Blocker v. Aetna Casualty and Surety Co., supra* (court permitted stacking because contractual agreement ambiguous).

5. Appellant contends that the award was unfair because the two policies contained provisions purporting to make each excess over the other's available coverage. Both policies cannot, however, proclaim their secondary nature. The arbitrators properly held appellant primarily liable for benefits up to $135,000.

Appellant's argument that it should not be penalized because the insured, as an owner of motor vehicles for hire, was not required to carry uninsured motorist coverage, is meritless. Once choosing to carry the insurance, Novoseller's employer, and therefore appellant, is obligated to provide all uninsured motorist benefits.

Accordingly, we affirm the order of the lower court upholding the arbitrators' award.

Affirmed.

CAVANAUGH and ROWLEY, JJ., concur in the result.

Finally, appellant's contention that because it paid Novoseller's Worker's Compensation benefits, it need not provide uninsured motorist benefits has been waived, not having been raised below. *Dilliplaine v. Lehigh Valley Trust Co., supra.*