476 A.2d 1328

**ESTATE OF Marissa ROSATO**

v.

**HARLEYSVILLE MUTUAL INSURANCE COMPANY and Safeco Insurance Company.**

**Appeal of HARLEYSVILLE MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1984.

Filed May 11, 1984.

Reargument Denied June 29, 1984.

Petition for Allowance of Appeal Denied Nov. 13, 1984.

James J. McCabe, Philadelphia, for appellant.

Edward F. Silva, Philadelphia, for Rosato, appellee.

Joseph Goldberg, Philadelphia, for Safeco, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

The question presented on appeal is whether a passenger in a vehicle struck by an uninsured motorist can stack or cumulate uninsured motorist benefits under her father's automobile insurance policy covering three vehicles not involved in the accident where (1) the policy limits liability to single coverage, and (2) although not a named insured or premium-payor, she is an insured under the policy. We

hold that she can stack uninsured motorist coverages and, accordingly, affirm the order of the court below.

On October 14, 1979, at approximately 1:30 a.m., Michael Coyle was operating a motorcycle on Conestoga Road in Radnor, Pennsylvania, when he was struck from behind by a negligently operated uninsured vehicle. Both Coyle and his passenger, Marissa Rosato, sustained injuries. Rosato's injuries resulted in her death approximately 18 hours after the accident. Coyle's motorcycle was owned by his employer, Wright Enterprises, Inc. d/b/a Devon Honda, which had insured it along with nine other motorcycles under a "garage fleet policy" with Providence Washington Insurance Company.[1] At the time of Marissa's death, James Rosato, her father, had in effect two separate insurance policies with Harleysville Mutual Insurance Company (appellant Harleysville) and Safeco Insurance Company (Safeco). The Harleysville "business auto" policy provided a single limit coverage of $30,000 uninsured motorist benefits on each of three vehicles. The Safeco "family auto" policy provided uninsured motorist coverage of $15,000 per person/$30,000 per accident on three other vehicles owned by James Rosato. On May 25, 1982, following a hearing, the arbitrators, in a two-to-one decision, awarded Rosato's estate $90,000 under the Harleysville policy and $45,000 under the Safeco policy. Both Harleysville and Safeco petitioned to modify or vacate the arbitration award, alleging that the arbitrators made a mistake of law in allowing the decedent to cumulate coverages on the vehicles insured under the policies issued to James Rosato. On February 25,

---

**1.** The decision of the Court of Common Pleas of Philadelphia County that Rosato's estate could not stack benefits under Devon Honda's uninsured motorist policy with Providence Washington Insurance Company was the subject of an appeal to this Court at No. 1583 Philadelphia 1982. On appeal, we affirmed the order of the lower court limiting appellant to the minimum coverage. *Providence Washington Insurance Company v. Rosato*, 328 Pa.Superior Ct. 290, 476 A.2d 1334 (1984).

1983, the lower court denied the petitions and confirmed the arbitration award. This appeal by Harleysville followed.[2]

■ The Pennsylvania Uninsured Motorist Act provides, in relevant part:

No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law *for bodily injury or death suffered by any person* arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of article XIV of "The Vehicle Code", act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom,

. . . .

40 P.S. § 2000(a) (footnote omitted) (emphasis added). The legislative intent behind this act was noted by our Supreme Court in *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968);

The purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers. The amount of the coverage to be afforded by the uninsured motorist feature of the policy is set by the statute, but nowhere, explicitly or implicitly, does the act place a limit on the total amount a victim may recover if he suffers a loss resulting from the negligence of an uninsured motorist.

2. Because the question of cumulative coverages is a question of law, the lower court had the power to hear the petition to modify or vacate the arbitration award and the issue is properly before us on appeal. *See Novoseller v. Royal Globe Insurance Company*, 317 Pa.Superior Ct. 217, 221, 463 A.2d 1163, 1165 (1983); *Davis v. Government Employees Insurance Company*, 296 Pa.Superior Ct. 198, 202, 442 A.2d 727, 729 (1982).

In *Pattani v. Keystone Ins. Co.*, 426 Pa. 332, 231 A.2d 402 (1967), we quoted with approval the language of *Katz v. American Motorists Ins. Co.*, [244 Cal.App.2d 886,] 53 Cal.Rptr. 669 (1966), that such statutes are "designed to give monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injuries through the negligent use of those highways by others." We there declared for liberal construction of the statute in order to achieve the legislative intent, and we here adhere to that declaration.

*Id.*, 429 Pa. at 395, 241 A.2d at 115. *Accord, Novoseller v. Royal Globe Insurance Company*, 317 Pa.Superior Ct. 217, 221–222, 463 A.2d 1163, 1165 (1983). The Uninsured Motorist Act allegedly ensures that innocent victims recover the damages they would have received had the uninsured tortfeasor maintained liability insurance. *Bankes v. State Farm Mutual Automobile Insurance Company*, 216 Pa. Superior Ct. 162, 168, 264 A.2d 197, 199 (1970). "The Act does not place any statutory maximum on the amount of coverage any individual insured can obtain, only the minimum amount of coverage each insurance policy must provide." *Antanovich v. Allstate Insurance Company*, 320 Pa.Superior Ct. 322, 340, 467 A.2d 345, 354 (1983), *allocatur granted*, No. 18 W.D. Appeal Docket (February 10, 1984).

██ Because of this legislative intent and the absence of any statutory maximum, our courts have conclusively determined that an insured may stack uninsured motorist policies. In *Harleysville Mutual Casualty Company v. Blumling, supra*, 429 Pa. at 395–96, 241 A.2d at 115, our Supreme Court stated that "where the actual loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss." *See also Novoseller v. Royal Globe Insurance Company, supra* (stacking of insurance coverages is permissible in Pennsylvania). Stacking allows the injured insured to obtain the full benefit of all coverage paid for in premiums. *Parker v. State Farm Insurance*

*Company,* 543 F.Supp. 806 (E.D.Pa.1982). Attempts by insurance companies to preclude stacking through exclusionary or limitation of liability clauses have been expressly rejected by our courts. *See, e.g., State Farm Mutual Automobile Insurance Company v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978) (exclusionary clause prohibiting an insured's recovery if the injury was sustained in a vehicle owned by a member of his household held invalid); *Harleysville Mutual Casualty Company v. Blumling, supra,* 429 Pa. at 396, 241 A.2d at 115 (automobile insurer could not avoid its statutorily imposed liability by unilaterally inserting a liability-limiting clause). In *Sones v. Aetna Casualty and Surety Company,* 270 Pa.Superior Ct. 330, 334, 411 A.2d 552, 554 (1979), we stated:

> [A] liability-limiting provision in a policy, the effect of which is to prohibit and preclude *an injured person who is an insured under the policy* from pyramiding or cumulating the separate uninsured motorist coverages available to him is in derogation of and repugnant to the Uninsured Motorist Act which requires uninsured motorist coverage in all policies of insurance with respect to each motor vehicle insured.

(Emphasis added). In the instant case, appellant's "business auto" policy contains an endorsement for uninsured motorists insurance. This indorsement includes the following liability-limiting clause:

> 1. Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORISTS INSURANCE shown in the declarations.

The amount of uninsured motorists insurance shown in the declarations is the single limit of $30,000. Clearly, under the cases outlined above, this clause is void as repugnant to the Uninsured Motorist Act. Additionally, we note that our Supreme Court rejected a similar limitation of liability clause in *Utica Mutual Insurance Company v. Contrisciane,* 504 Pa. 328, 337–338, 473 A.2d 1005, 1010 (1984).

We must next address whether appellee should have been precluded from stacking because of decedent's status as an unnamed insured who paid none of the premiums under appellant's policy. In *State Farm Mutual Automobile Insurance Company v. Williams, supra,* our Supreme Court allowed the named insured, who had already received the maximum under his wife's uninsured motorist policy, to recover the remainder of his actual loss under his own uninsured motorist policy. The Court thereby rejected an exclusionary clause which prohibited all recovery by the insured if the insured was occupying a motor vehicle owned by a resident of his household at the time of the accident. In holding the clause invalid, the Court concluded:

The insured may recover uninsured motorist benefits:

1. If the insured party paid the premiums of the policy and was the named insured; and

2. If the recovery under the second uninsured motorist coverage was limited to actual damages; and

3. If the recovery is not limited by the statutory exclusions.

*Id.* 481 Pa. at 143, 392 A.2d at 287. Following *Williams,* the courts debated whether the first criterion noted above was to be strictly adhered to or whether an unnamed insured under the policy who did not pay the premiums could nevertheless cumulate uninsured motorist coverages. In *Sones v. Aetna Casualty and Surety Company, supra,* we allowed a passenger in her husband's automobile to stack uninsured motorist coverages because she was an insured under her husband's policy, even though her husband paid the premiums for his three covered automobiles. We stated:

The Supreme Court [in *Williams*] ruled that the uninsured motorist statute mandates a floor of minimum protection to be afforded to the owner or operator of a motor vehicle within the state and that while the legislature has permitted enhancement of that minimum, *the statute does not permit a diminution of that protection.*

270 Pa.Superior Ct. at 333–34, 411 A.2d at 553–54 (emphasis in original). In *Michael v. The Aetna Casualty and Surety Company*, 6 D. & C.3d 691 (Philadelphia Co.1978), *aff'd*, 272 Pa.Superior Ct. 622, 422 A.2d 699 (1979), the insured was driving a city-owned vehicle in his capacity as a police officer when he was struck by an uninsured vehicle. The court allowed the injured officer to stack uninsured motorist benefits for his two personally-owned automobiles, stating: "The legislative intent in enacting the uninsured motorists law ... requires a liberal construction of the statute, and a pronounced propensity ... to find coverage unless equally strong legal or equitable considerations to the contrary are present." *Id.* at 694, *quoting Sands v. Granite Mutual Insurance Company*, 232 Pa.Superior Ct. 70, 80, 331 A.2d 711, 716 (1974). In *Marchese v. Aetna Casualty and Surety Company*, 284 Pa.Superior Ct. 579, 426 A.2d 646 (1981), an automobile dealer's employee was driving a dealer-owned vehicle with license plates assigned to him by the dealer when he was injured in a collision with an uninsured vehicle. The "garage" policy of insurance issued to the dealer covered 20 "dealers plates" owned by the dealer who paid 20 premiums for uninsured motorist coverages. In allowing the employee to stack uninsured motorist coverage for the 20 plates even though he did not pay the premiums and was not a named insured, this Court found that: (1) it was definitely provided in the policy that the employee was one of the persons to whom a dealer's plate would be issued for use on a vehicle owned by his employer; and (2) in light of *Sones* and *Michael*, payment of the premium by the injured party was not a "condition precedent to recovery in all cases". *Id.*, 284 Pa.Superior Ct. at 585, 426 A.2d at 649. Recently, our Supreme Court conclusively decided the issue in *Utica Mutual Insurance Company v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), *aff'g in part and rev'g in part* 312 Pa.Superior Ct. 549, 459 A.2d 358 (1983). In *Utica*, the decedent was operating his employer's automobile when he was involved in a minor traffic accident with another vehicle. A police officer arrived at the scene and the decedent was standing beside the

police car when he was struck and killed by the uninsured vehicle. Under the Utica policy which covered 15 of the employers' vehicles, the decedent could be considered an insured only if he was "occupying" the insured vehicle. The Supreme Court held that "when a person is engaged in the lawful use of an insured vehicle, he will be considered to be 'occupying' that vehicle within the meaning of the policy, provided he can meet [certain, specified] criteria[.]" 504 Pa. at 336, 473 A.2d at 1009. The *Utica* Court then held that, although the decedent was "occupying" the insured vehicle at the time of the accident and hence was an insured under the Utica policy, he could not stack coverages because he was not a specifically intended beneficiary of the insurance policy. *Id.*, 504 Pa. at 337–340, 473 A.2d at 1010–11. The Court distinguished between the three classes of insureds contained in most uninsured motorist policies: (1) "class one" includes "the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either"; (2) "class two" includes "any other person while occupying an insured highway vehicle"; and (3) "class three" includes "any person with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under [(1)] or [(2)] above." *Id.*, 504 Pa. at 338, 473 A.2d at 1010. In holding that "class two" insureds could not stack, the Court reasoned that:

> Since the decedent here asserted nothing more than "class two" coverage, his entitlement arose from his temporary status as an occupant, rather than from his being a specifically intended beneficiary of the insurance policy. Therefore there is no basis upon which to allow his estate to stack the coverages applicable to the other vehicles, and his recovery under the Utica policy is limited to the 15,000 dollar coverage applicable to the vehicle he was operating.

*Id.*, 504 Pa. at 339, 473 A.2d at 1011 (footnote omitted). Therefore, the *Utica* Court held that the decedent's estate

could not stack uninsured motorist coverages under the Utica policy covering the employer's vehicles.

The *Utica* Court, however, also held that the decedent's estate *was* entitled to cumulate coverages under the Aetna policy which was carried by the decedent's father. That policy covered three vehicles not involved in the accident and designated the decedent as the driver of one of the insured automobiles. The Aetna policy included in its "class one" coverage "the named insured and any relative". The Court noted that the decedent was the son of the named insured and resided in the latter's household. In allowing the decedent's estate to stack uninsured motorist coverages under the Aetna policy, the Court rejected Aetna's argument that the decedent did not fall within the first criterion of *Williams, i.e.* that he be a named insured who has paid the premiums, stating:

> Contrary to the assumption of Aetna, the criteria set out in *Williams* are not necessarily applicable to all claimants, in that they are not absolute conditions precedent to recovery in all cases. The Court in *Williams* merely defined one group of persons who were entitled to stack coverages, and nothing therein precludes us from extending the right to stack coverages to all persons within the "class one" category of "insureds". We believe that such an extension is consistent with our decisions in *Harleysville, supra.,* and *Williams, supra.;* and that it comports with our decision above to condition a claimants' entitlement to stack on his status as a specifically intended beneficiary of the policy.

*Id.,* 504 Pa. at 340, 473 A.2d at 1011.

▮▮▮ It follows from the above cases that appellee cannot be precluded from stacking simply because the decedent was not a named insured in the policy and did not pay any of the premiums. Moreover, *Utica* is dispositive of the instant case. Under part D of the endorsement for uninsured motorists insurance in the instant Harleysville policy, persons insured include:

1. You *or any family member.*

2.  Anyone else occupying a covered auto or temporary substitute for a covered auto.

. . . . .

3.  Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.

(Emphasis added). Part A defines "Family member" as "a person related to you by blood, marriage or adoption who is a resident of your household including a ward or foster child." Here, the decedent was James Rosato's daughter and resided in his household. We note that, like the Aetna policy in *Utica* which included in its "class one" coverage "the named insured and any relative", the Harleysville policy in the instant case also has a category of insureds corresponding to "class one" classification, which contains relatives residing in the household of the named insured. Therefore, appellee's decedent, being a "class one" insured, was a specifically intended beneficiary of the Harleysville policy issued to her father, even though she was not a named insured or premium-payor, and appellee should be allowed to cumulate uninsured motorist coverages. The fact that the decedent was not occupying a vehicle covered under appellant's policy at the time of the accident is not determinative. *See Utica Mutual Insurance Company v. Contrisciane, supra; Michael v. The Aetna Casualty and Surety Company, supra.*

■ Accordingly, we affirm the order of the court below confirming the arbitration award.[3]

Affirmed.

3.  Appellant also contends that the decedent was not a person protected by the Uninsured Motorist Act, *see* 40 P.S. § 2000(a), because she was not included within the definition of an "insured" under the primary liability portion of the Harleysville policy. We find this contention meritless. In part IV of the policy, persons insured under the liability insurance portion must have been using a "covered auto". The uninsured motorists insurance portion of the policy, however, expressly states that "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." The endorsement provides that persons insured would include "any family member". The decedent clearly meets that criterion.