## Caron v. Reliance Insurance Company

C.P. of Berks County, no. 2061-94 A.D.

*Bradley D. Miller* and *Jay N. Abramowitch,* for plaintiff.

*Daniel J. Ryan Jr.,* for defendant.

STALLONE, *J.,* May 4, 1995—The plaintiff, Linda Caron, and the defendant, Reliance Insurance Company, have filed cross-motions for summary judgment which are now before this court for determination in the above-captioned cases which have been consolidated by stipulation of counsel.[1]

Caron was injured in a three car collision which occurred at approximately 2 p.m. on March 17, 1989, at the intersection of Centre Avenue and Cathedral Street in the City of Reading while she was driving a friend's vehicle in the course of her employment with Aunt

---

1. On October 20, 1994, the court approved a written stipulation filed by the parties providing in pertinent part:

"that the above-captioned cases be and the same are hereby consolidated into a single action under no. 2061-94 A.D. for argument and/or trial, all pleadings in the original actions to remain as pleadings in the consolidated action; . . . ."

Mary's Yarns, a subsidiary of Caron International Inc. She sustained multiple injuries in the collision and is allegedly totally disabled from any type of employment. The insurance carriers for the other two drivers involved in the collision tendered their full policy limits to Caron in full settlement of her claims against them. In addition, the carrier which insured the friend's vehicle that Caron was driving tendered the full policy limits of its underinsured motorist benefits to Caron.

As part of Caron's employment arrangement, Caron International Inc., the corporation, provided her with a 1986 Plymouth Voyager LE minivan for both her business and personal use. Therefore, Caron had no reason to own any other vehicle. The corporation also provided insurance for the minivan through Reliance, which covered all corporation-owned vehicles. While Caron was not "a named insured" under this minivan policy, she was listed as the driver of that vehicle on the application for insurance with Reliance.[2] Caron made a claim for additional underinsured motorist benefits under this Reliance policy out of which a dispute arose. The parties submitted the issue to arbitration.

After an evidentiary hearing, a board of arbitrators on April 6, 1994, entered an award in favor of Reliance reasoning that Caron was not "an insured" under the terms of the uninsured and underinsured motorists coverage endorsement provision of the policy. However, the arbitrators did not decide the issue of whether the policy language, that Caron claims did not include her as "an insured," was contrary to public policy . . . which if she is correct, may entitle her to the award

---

2. The application was formally captioned as a "casualty insurance proposal" because, in addition to coverage for the corporation's automobiles, the proposal contained quotations for liability and worker's compensation insurance.

which she seeks. The relevant language of the arbitrators' award is as follows:

"And now, April 6, 1994, we find that the plaintiff, Linda Caron, is not entitled to recover underinsured motorist benefits from the defendant, Reliance Insurance Company, because the plaintiff is not 'an insured' under the Pennsylvania Underinsured Motorist Coverage endorsement of Reliance Insurance Company policy no. VQ122546100 (the 'Reliance policy'). *The arbitration panel has not decided, because the panel is of the opinion that it is not empowered to do so, the issue of whether the Pennsylvania Underinsured Motorist Coverage endorsement of the Reliance policy is contrary to public policy, when that endorsement is issued to a corporate named insured and the plaintiff is an employee of the corporate named insured but cannot qualify as 'you' or a 'family member' under the definition of 'an insured' in the endorsement."* [3]

Following the entry of that award, Caron filed a declaratory judgment action docketed to civil action no. 2061-94 wherein she is asking this court to determine as a matter of law that the endorsement violates the public policy of this Commonwealth. She also filed a petition to vacate the arbitrators' award docketed to civil action no. 2062-94.

Reliance filed preliminary objections to the declaratory judgment action which this court sustained in part and dismissed in part. In its order of August 1, 1994, we held that the issue of whether Caron was "an insured" was within the exclusive jurisdiction of the arbitrators, as the arbitrators properly determined that it was. However, we dismissed the preliminary

---

3. All italic language in this opinion is purely for emphasis only and bracketed language has been added by this court.

objections of Reliance by finding that the public policy issue was not, in fact, adjudicated by the board of arbitrators and was left to this court to decide, again as the arbitrators properly determined that it was. Therefore, the sole issue before this court is whether the endorsement as written violates public policy as a matter of law.

In the endorsement, "an insured" is defined as any of the following:

"(1) You. (Commonly known as a 'class one' beneficiary.)

"(2) If you are an individual, any 'family member.' (Commonly known as a 'class one' beneficiary.)[4]

"(3) Anyone else while 'occupying' a covered 'auto' or a temporary substitute for a 'covered auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction. (Commonly known as a 'class two' beneficiary.)"

Reliance contends that Caron is not "an insured" under the minivan policy because the corporation is the named insured under subparagraph 1 of the endorsement and because she was not driving either the company-owned minivan or a "temporary substitute," as required under subparagraph 3 of the endorsement at the time of the accident.

Caron contends that, even though she is not "a named insured" under the minivan policy, she is nevertheless

---

4. "Class one" beneficiaries consist of (a) the named insured, (b) any designated insured and (c) while residents of the same household, the spouse and relatives of either the named insured or the designated insured. *Newkirk v. United Services Automobile Association,* 388 Pa. Super. 54, 55 n.1, 564 A.2d 1263 n.1 (1989), quoting *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 338 n.4, 473 A.2d 1005, 1010-1011 n.4 (1984).

entitled to underinsured motorist benefits coverage because she was listed as the driver of the minivan on the corporation's application for insurance. And since the corporation itself cannot sustain any personal injury compensable by insurance, the policy—if it were to be interpreted as Reliance argues—would fail to protect her as the person, *i.e.*, the driver, intended to be covered under the policy. Moreover, she says that if this court were to accept Reliance's argument, that actually no one could ever be a "class one" beneficiary . . . all of which she claims is contrary to public policy.

In response, Reliance takes the position that Caron is "an insured" under the policy, pursuant to subparagraph 3 of the endorsement . . . but when, and only when, she is "occupying" either a "covered auto," which is defined in the policy as any automobile owned by the corporation, or a "temporary substitute" when the covered auto is "out of service."[5]

The entry of summary judgment is appropriate only where the moving party, after an on-the-record colloquy, establishes by a preponderance of the credible evidence that the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no issue of material fact which is genuinely in dispute and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Company*, 306 Pa. Super. 170, 452 A.2d 269 (1982). And inasmuch as the parties have stipulated that there are no issues of material fact which are genuinely in dispute, this court is left to determine

---

5. Caron does not deny that she was driving her friend's vehicle at the time of the collision simply as a matter of preference and not because the company-owned minivan was "out of service" and that, therefore, her friend's vehicle did not constitute a "temporary substitute for a covered auto."

whether either Caron or Reliance is entitled to judgment on those facts as a matter of law.

The parties have submitted various court decisions which they opine are controlling of the MVFRL issues in this case.

We begin with *Hunyady v. Aetna Life & Casualty,* 396 Pa. Super. 476, 578 A.2d 1312 (1990), *affirmed,* 530 Pa. 25, 606 A.2d 897 (1992). In that case, appellant's husband was employed as a vice-president of a corporation and was granted unlimited use of a company car. An insurance policy was issued in the name of the corporation only; the husband's name did not appear anywhere in the policy either as a named insured or as a driver. Appellant, Lynne S. Hunyady, was injured in a collision while driving a vehicle registered in her name. She recovered $25,000 in first party benefits and $100,000 in underinsured motorist benefits from her own carrier and then attempted to recover additional underinsured motorist benefits from the corporation's carrier. Aetna Life & Casualty denied any liability. Mrs. Hunyady filed a declaratory judgment action seeking a determination of her right to recover those benefits under the corporation's policy. Aetna filed preliminary objections to the complaint which were sustained by the trial court. On appeal, Mrs. Hunyady argued that she was entitled to coverage as a "class one" insured because, inter alia, (a) notwithstanding the fact that her husband was not named anywhere in the policy, he was nevertheless an insured inasmuch as he, along with all of the other corporate officers, were under the impression that the term "you" in the policy referred to them rather than the corporation and (b) the public policy of this Commonwealth underlying the provision of underinsured motorist benefits mandated that Aetna provide her, as the spouse of the named insured, with

that same coverage. In affirming the trial court, the Superior Court reasoned:

"The policy . . . clearly states the corporation is the insured party. For this reason, we also reject appellant's argument that she had a reasonable expectation of coverage . . . We fail to see how the policy language could possibly have led appellant to believe she was covered by appellee for the accident in which she was involved." *Id.* at 479, 578 A.2d at 1313.

In specifically rejecting Mrs. Hunyady's public policy argument, the court reasoned:

"Appellant's final argument is [that] public policy requires appellee to provide the underinsured motorist benefits to appellant because that is what the legislature intended in enacting the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. The MVFRL applies, however, to policies of insurance which cover an injured claimant as the insured party. Appellant cannot argue that the MVFRL requires a carrier to provide underinsured motorist benefits to parties not in the categories of 'insureds.' Since appellant is not an insured party under the policy written for appellee, public policy considerations do not come into play." *Id.* at 480, 578 A.2d at 1314.

*Hunyady* appears to be consistent with the reasoning of the same court two years earlier in *Lastooka v. Aetna Insurance Co.,* 380 Pa. Super. 408, 552 A.2d 254 (1988). There, the decedent, John M. Lastooka, was fatally injured while riding as a passenger in a vehicle being driven by an uninsured driver. At the time of his death, Mr. Lastooka was operating a sole proprietorship. His business vehicles were all insured by Aetna pursuant to a business auto policy issued under the name of the sole proprietorship. Subsequent to the commencement of the policy, the policy was amended to include

Mr. Lastooka and his wife as named insureds on the policy. On appeal, the Superior Court held that uninsured motorist coverage was available because Mr. Lastooka was a named insured under the policy.

However, Caron urges this court to adopt the reasoning enunciated by the Court of Common Pleas of Bucks County in *Schweiss v. Pennsylvania Manufacturers' Insurance Co.,* 8 D.&C.4th 610 (1991). There, the insurance carrier issued an automobile policy to Tastykake Inc., providing coverage for a vehicle owned and operated by Francis Schweiss, the father of the decedent, Robert Schweiss, and which Francis drove for his personal use and in the course of his employment for Tastykake Inc. Robert was killed while a passenger in a vehicle which was owned and operated by a third party. Thereafter, Robert's estate made a claim for uninsured motorist benefits to the insurance carrier of Tastykake Inc., claiming that the father was a "class one" insured under that policy and, therefore, the son, as a family member residing with him, was encompassed by that coverage. In denying underinsured motorist benefits coverage, the insurance carrier asserted that Tastykake Inc., the corporation, was the only "class one" insured under the policy. However, Francis Schweiss was specifically named in the policy as a driver of the covered vehicle. The parties filed cross-motions for summary judgment. The trial court, in ruling in favor of the Schweiss family and against the insurance carrier, reasoned that:

"The decedent's father was *named in the policy* and we can find no language thereof to suggest that this was done for any reason other than to confer status as a class one insured. If only the entity to which the policy was insured was entitled to coverage, rather than individuals, then the policy would make no sense, since

no one could ever recover as a class one insured."[6] *Id.* at 613. (emphasis added)

In urging this court to extend the reasoning in *Schweiss* to the case at bar, Caron argues that this court should hold that Caron's designation as a driver in the *application* is sufficient to afford her the same "class one" status. We agree. This court views Caron's argument as a logical extension of *Schweiss* inasmuch as the only significant difference between the two cases is *where* Schweiss, the father, and Caron were named as drivers of the covered vehicles.[7]

This court has carefully reviewed the application attached by the parties as exhibit "A" to their stipulation of facts filed with the court on February 17, 1995. The last five pages of the proposal (pages 40-44) contain a listing of the automobiles intended to be covered under the Reliance policy. Eight vehicles are listed as being assigned for "pool use" and 19 other vehicles are listed as being assigned to individual drivers. The following listing appears on page 41:

| *"Drivers' Name/* Address/License# | Vehicle Lease Co./ Serial #/Make-Model | Original Cost |
|---|---|---|
| * * * | * * * | * * * |
| *Linda Caron* 542 Weidman Ave. Sinking Springs, PA 19608 C650-5324-8604-8" | Associates # 758476 2 P4H5162R758476 | $12,625 |

---

6. This reasoning was also in accordance with *Marchese v. Aetna Casualty and Surety Company,* 284 Pa. Super. 579, 426 A.2d 646 (1981), where the court held that underinsured motorist benefits can be recovered where the individual claiming entitlement to those benefits is named as a driver in the policy.

7. Hunyady, Schweiss and Caron were not occupants of a "covered" vehicle when they incurred their injuries.

And, Caron appears to be the only listed driver of the minivan. If this court were to accept Reliance's argument, it believes as did the court in *Schweiss,* that the subject policy would not make any sense because it would not protect the only individual whom it was intended to protect, *i.e.,* Caron, as the only driver of the minivan covered under the policy.

Furthermore, *Hunyady* is factually distinguishable from both *Schweiss* and the action at bar inasmuch as Mr. Hunyady, appellant's husband, was not named as a driver of the corporation-owned vehicle either in the policy or in the application for insurance. Therefore, unlike Mrs. Hunyady, Caron had every reason to believe that she had the status of a "class one" insured under the Reliance policy. Accordingly, we conclude that *Hunyady* is not controlling.

And so, after finding that the endorsement, as interpreted by Reliance, violates the public policy of this Commonwealth and that Caron is entitled to judgment as a matter of law, we enter the following attached order.[8]

---

8. Caron also argued that because she was paid first party benefits by Reliance under this minivan policy that she is entitled to underinsured motorist benefits coverage. And that if this argument of Reliance is taken to its logical conclusion, it would lead to the absurd result of an individual being able to receive first party benefits but at the same time not being able to receive either underinsured or uninsured motorist benefits which is a clear violation of section 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law. Section 1731(a) of the MVFRL provides that:

"(a) Mandatory offering.—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless insured and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured and underinsured motorist coverages is optional."

## ORDER

And now, May 4, 1995, upon consideration of the parties' cross-motions for summary judgment in the action for declaratory judgment and the appeal from arbitration award, it is hereby ordered and decreed that:

(A) As to the action for declaratory judgment:

(1) The plaintiff's motion for summary judgment is hereby granted; and

(2) The defendant's motion for summary judgment is hereby denied.

(B) As to the petition to vacate arbitration award:

(1) The plaintiff is a "class one" beneficiary under the Reliance policy who may be entitled to recover underinsured motorist benefits; and

(2) The award in favor of Reliance is, therefore, reversed and remanded to the board of arbitrators for a determination as to the amount of benefits, if any, that the plaintiff is entitled to receive under the Reliance policy.

However, Reliance says that it erred in paying her those benefits because it mistakenly believed that Caron was driving the company-owned minivan at the time of the collision and did not become aware of its mistake until Caron was deposed during the course of discovery in this matter. Because of the above, this court sees no need to address this issue.