J-S46030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL PACI, JR., | |
| Appellant | No. 2089 MDA 2016 |

Appeal from the Judgment of Sentence January 22, 2015
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000304-2014

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY OLSON, J.:               **FILED AUGUST 30, 2017**

Appellant, Paul Paci, Jr., appeals from the judgment of sentence entered on January 22, 2015. We affirm.

The relevant factual background and procedural history of this case are as follows. On July 2, 2014, Appellant was involved in an altercation with Russell Fauver ("Victim") at a bar in Susquehanna County. N.T., 1/22/15, at 4. When Appellant left the bar, Victim followed him to his residence. Victim intentionally rear-ended Appellant's car and a heated exchange followed. N.T., 11/25/14, at 12. After the exchange, Victim left the scene and Appellant followed him. *Id.* Appellant saw Victim standing on a dirt road one-half mile away and hit him with his car. *Id.* at 12-13. Appellant exited the vehicle, punched and kicked Victim, then returned to his

* Former Justice specially assigned to the Superior Court.

vehicle and ran Victim over. *Id.* at 13. Appellant left the scene and Victim died from his injuries. *Id.*

Appellant pled guilty to third degree murder.[1] On January 22, 2015, the trial court sentenced Appellant to 12 to 30 years' imprisonment. Appellant did not file a post-sentence motion nor did he file a direct appeal. On December 9, 2015, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On March 1, 2016, the PCRA court appointed counsel. On September 30, 2016, Appellant's counsel filed an amended petition. On November 18, 2016, the PCRA court granted Appellant's PCRA petition in part and reinstated his direct appellate rights *nunc pro tunc*. This timely appeal followed.[2]

Appellant presents two issues for our review:

1. Whether the sentence imposed was excessive and an abuse of discretion?

2. Whether the court should have held a PCRA evidentiary hearing?

Appellant's Brief at 7.

In his first issue, Appellant argues that his sentence is excessive. This issue challenges the discretionary aspects of Appellant's sentence. ***Commonwealth v. Bonner***, 135 A.3d 592, 603 (Pa. Super. 2016), *appeal*

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925(a).

*denied*, 145 A.3d 161 (Pa. 2016). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010), *citing* **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003). Appellant failed to object to the punishment imposed at his sentencing hearing and did not file a post-sentence motion objecting to the sentence. Thus, this issue is waived.

Appellant's second issue relates to the November 18, 2016, order granting his PCRA petition, reinstating his direct appellate rights *nunc pro tunc*, and cancelling the scheduled PCRA hearing. Appellant did not file a notice of appeal from this order. Instead, Appellant's notice of appeal states that he appealed "from the order and sentence entered in this matter on January 22, 2015." Notice of Appeal, 12/16/16, at 1. Therefore, this Court does not have jurisdiction over Appellant's second claim, as it relates to an order from which he has not appealed.[3] **See Brown v. Greyhound Lines,**

---

[3] We note that the PCRA court granted Appellant's PCRA petition in part by reinstating Appellant's direct appellate rights *nunc pro tunc*. Appellant thereafter filed this appeal from the judgment of sentence entered on January 22, 2015, not from the order granting his PCRA petition that reinstated his direct appeal rights. Thus, Appellant is currently pursuing a direct appeal from his judgment of sentence. Because this is a direct appeal, Appellant's judgment of sentence will not become final for PCRA purposes until the time for seeking review by our Supreme Court or the Supreme Court of the United States expires, or the Supreme Court of the United States denies Appellant's petition for a writ of certiorari. **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013), *appeal*
*(Footnote Continued Next Page)*

*Inc.*, 142 A.3d 1, 19 (Pa. Super. 2016); ***Novoseller v. Royal Globe Ins.***

***Cos.***, 463 A.2d 1163, 1165 (Pa. Super. 1983).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2017

---

*(Footnote Continued)* ————————

*denied*, 91 A.3d 162 (Pa. 2014). Thus, once this direct appeal is final, Appellant may pursue collateral relief in accordance with the PCRA if he so chooses.